El Pueblo de Puerto Rico, demandante y apelado, *v.* Su-cesores de Juan Fernández, S. en C., acusada y ape-lante.

No. 2607.—*Visto:* Enero 19, 1926.   *Resuelto:* Abril 23, 1926.

1. Sociedades—Derechos y Responsabilidades en Cuanto a Terceras Perso-nas—Naturaleza y Extensión de la Responsabilidad de una Firma—Responsabilidad de una Firma por Delitos u Ofensas—En General.—No puede seguirse un proceso válido contra una firma como tal. (*Pueblo* v. *Seda*, 34: 207, ratificado.)

2. Sociedades—Derechos y Responsabilidades en Cuanto a Terceras Perso-nas—Naturaleza y Extensión de la Responsabilidad de una Firma—Responsabilidad de una Firma por Delitos u Ofensas — Disuelta la Firma.—Dado el caso que una firma—al igual que una corporación—pudiera ser procesada, no debería serlo después de su disolución, sino solamente sus miembros individuales.

Sentencia de *Rafael Díaz Cintrón*, J. (Ponce), condenando a la acusada por delito de infracción a la ley de pesas y medidas, con costas. *Revocada.*

R. *Arjona Siaca*, abogado de la apelante; *José E. Figueras*, abo-gado de *El Pueblo*, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tri-bunal.

[1] Esta fué una causa seguida contra la firma de Su-cesores de Juan Fernández, S. en C. El cargo que se le im-putó fué la venta de pan falto de peso. Después de una condena y multa de $25, la firma acusada apeló y debida-mente señaló la comisión de varios errores por la corte sen-tenciadora. El fiscal de este tribunal discute dos de los errores y se allana a la revocación de la sentencia. Hace referencia al caso de *El Pueblo* v. *Seda,* resuelto por esta corte en abril 28, 1925. Aunque este caso está publicado en los cuadernos mensuales de las Decisiones de Puerto Rico publicados por adelantado, tomo 34 D.P.R. 207, y puede obtenerse perfectamente por cualquier persona, no fué ci-tado por el tomo y página como debió hacerse.

En la opinión de ese caso dijimos lo siguiente:

"(1) De la lectura de esta sentencia salta a la vista su nulidad. Ella declara culpable 'al acusado.' No se denuncia a la firma

'Seda y Font' ni podía hacerse tal denuncia contra la entidad social. Quizá ésta ha sido la equivocación de la corte en ese particular al referirse en singular 'al acusado,' por más que de dicha denuncia aparece claramente que ella está dirigida individualmente contra sus dos socios, designándose por sus nombres. Y si esto es así, no puede saberse cuál de ellos ha sido declarado culpable, ya que no se dice el nombre del acusado a quien se le impone la pena.''

En ese caso puede decirse que la sentencia fué revocada por no haber sido identificados los acusados en la sentencia y la declaración que en ella se hace de que no puede seguirse una causa contra una firma como tal pudiera considerarse como una opinión incidental (*obiter*), pero ratificamos ahora tal declaración como expresión correcta de la ley. No encontramos autoridad alguna en ninguna parte de los códigos o estatutos de Puerto Rico para tal proceso. El fiscal de esta corte de modo algo ambiguo dice que podría seguirse un proceso contra la firma y sus miembros individuales. Toda vez que puede procederse contra las corporaciones (secciones 453 y siguientes, Código de Enjuiciamiento Criminal), y como en Puerto Rico en general una firma es una entidad semejante a una corporación, la ley debiera autorizar procesos similares contra las firmas, pero según la condición de la ley, es sólo contra los miembros individuales, o quizás mejor contra el socio gestor o gestores que puede ser presentada una denuncia, o acusación. Con excepción de las corporaciones, la regla de este territorio es establecer los procesos individualmente. Unicamente las corporaciones son las que menciona la versión inglesa de los artículos 453 y siguientes del Código de Enjuiciamiento Criminal, *supra*.

El artículo 5 del Código Penal prescribe lo siguiente:

''Ninguna persona será arrestada por crimen o delito alguno, que no estuviere expresamente declarado como tal en este Código, excepto por crímenes o delitos contra las leyes de los Estados Unidos aplicables en Puerto Rico, las decretadas por la Asamblea Legislativa de Puerto Rico y por el Congreso de los Estados Unidos, para Puerto Rico.''

Los once primeros párrafos del Código de Enjuiciamiento Criminal muestran que un acusado es una "persona" o una "parte," y en el artículo 11 se emplean los pronombres personales "él," "su" o "a él" para describir a un acusado.

El artículo 559 del Código Penal prescribe que las voces usadas en el género masculino incluirán el femenino y el neutro salvo los casos en que tal interpretación resultare absurda o irrazonable; que la palabra "persona" incluye una corporación así como una persona natural. Las firmas no se mencionan y es un caso de *expressio unius est exclusio alterius.*

[2] Se alega también haberse cometido error porque en la fecha del proceso la firma acusada estaba disuelta. Es penetrar en un campo metafísico el saber cómo o hasta qué punto podría ser perseguida una firma disuelta. Parece probable que si hubiera medios para procesar a una firma también los habría para proceder después de la disolución. Si la sociedad ha de ser comparada con una corporación nos inclinamos al parecer de que en general tal firma no debe ser procesada después de su disolución, sino solamente sus miembros individuales.

Sin embargo, el verdadero fundamento de revocación en este caso debe ser que no puede seguirse un proceso válido contra una firma, no siendo necesario considerar los demás señalamientos de error. *Debe revocarse la sentencia y absolverse a la firma acusada.*