El Pueblo de Puerto Rico, demandante y apelado, *v.* López Hermanos, acusados y apelantes.

No. 2932.—*Visto:* Diciembre 9, 1926. *Resuelto:* Enero 14, 1927.

1. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Presunciones en Apelación—En General.—Cuando la denuncia es ambigua y es dudoso si está dirigida contra una firma o un miembro de la misma, si éste alega su no culpabilidad y no presenta objeción, puede asumirse que ella está dirigida individualmente contra el socio, especialmente cuando sólo señala como error de la denuncia el no alegar que él fuera el único socio gestor.

2. Derecho Penal—Evidencia—Conocimiento Judicial, Presunciones y Peso de la Prueba—De las Presunciones—Prueba de la Existencia de una Cosa y Continuación de ésta—Existencia de una Cosa con Anterioridad a la Fecha en que se Prueba—En General.—No negándose que se probó la falta de peso de un pan al ponerse en una balanza que se admite fué examinada unos días antes, en ausencia de demostración o autoridad al efecto de que el tiempo transcurrido es demasiado remoto, el principio de continuidad del inciso 21 del artículo 102 de la Ley de Evidencia es aplicable, y la prueba debe reputarse suficiente para justificar que este estado de cosas duraba aún.

3. Derecho Penal—Apelación y Error, y Certiorari—Resolución y Disposición del Caso—Modificación de la Sentencia Apelada.—Una sentencia que simplemente declara culpable al acusado puede corregirse en apelación modificándose al efecto de que especifique la persona culpable, y así modificada confirmarse.

Sentencia de *Miguel A. Muñoz*, J. (San Juan), condenando al acusado por infracción a la Ley de Pesas y Medidas. *Modificada y así modificada confirmada.*

*Monserrat & Monserrat* y *Pedro Santana Jr.*, abogados de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] En una denuncia por vender pan falto de peso el denunciante empezaba diciendo que formulaba denuncia contra López Hermanos, representados por José López. La sentencia declaró al acusado culpable sin otra especificación respecto a la persona. Hemos decidido (*El Pueblo* v. *Fernández,* 35 D.P.R. 333) que no se puede denunciar a una firma. La denuncia está redactada con ambigüedad y es dudoso si ella estaba dirigida contra la sociedad o contra José López. Los autos demuestran que el acusado alegó que no era culpable pero no presentó ninguna otra objeción. Bajo estas circunstancias podemos asumir que la denuncia estaba dirigida individualmente contra José López, especialmente ya que a este respecto él señaló como error únicamente que en la denuncia no se alega que José López era el único socio gestor. Se cita el caso de *El Pueblo* v. *Arce,* 34 D.P.R. 340. En dicho caso decidimos que si bien la prueba demostraba que Francisco Arce era un socio gestor, sin embargo no demostraba que él era responsable de los actos de la sociedad, ni que él fuera el único socio gestor. Allí no estaba envuelta ninguna cuestión de alegaciones y en el presente caso la denuncia imputa suficientemente que el acusado era responsable del acto de vender pan falto de peso. *El Pueblo* v. *Barquet,* 19 D.P.R. 792.

[2] La apelante señala como error la insuficiencia de la prueba para justificar una sentencia condenatoria. No se

niega que se probó que el pan estaba falto de peso al ser puesto en cierta balanza, pero la apelante insiste en que no se demostró la corrección de la balanza. Se admite que la balanza fué examinada 15 ó 20 días antes. En ausencia de una demostración o de autoridad al efecto de que 15 ó 20 días es un período demasiado remoto, es aplicable el principio de continuidad, o sea "que una vez probada la existencia de una cosa, continúa ésta todo el tiempo que ordinariamente duran las cosas de igual naturaleza." Ley de Evidencia, Compilación de 1911, pág. 312, art. 102, inciso 31.

[3] Convenimos con la apelante en que la sentencia es insuficiente. Dejó de mencionar a José López y simplemente declaró al acusado culpable. Esto podemos corregirlo.

La sentencia debió ser más específica y no decir simplemente que declaraba al acusado culpable de infringir la ley de pesas y medidas. El delito pudo describirse mejor, pero la apelante no señala error a este respecto y no hay duda alguna de que el pan estaba falto de peso.

*La sentencia debe ser modificada y decir que la corte declara al "acusado José López convicto", y así modificada confirmarse.*

El Juez Asociado Señor Hutchison no intervino.