## THE STATE *v.* A. & C. POWELL.

1. CRIMINAL LAW. *Indictment.* *Selling liquor near an election ground.* An indictment against A. & B., partners, trading under the name of A. & B., will be treated as against the parties individually.

2. SAME. *Same.* *Same.* An indictment which alleges that the defendants "did unlawfully keep open their liquor shop within one half mile of an election ground," is sufficient, and it is a matter of fact for the jury whether the place was near an election ground.

State *v.* Powell.

3. SAME. *Same. Same.* It is sufficient to charge that it was on election day, without stating that an election was actually opened and held. If no election was held, this would be a matter of defense.

FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT, J.

ATTORNEY-GENERAL LEA for the State.

LEWIS SHEPHERD for Powell.

FREEMAN, J., delivered the opinion of the court.

This indictment is against A. and C. Powell, partners trading under the name of A. & C. Powell, charging that "between the hours of sunrise and sunset, on 21st day of November, 1878, in the county of Hamilton, they did unlawfully keep open their liquor shop, which is situated within one-half of a mile of the election ground of the 5th ward of the city of Chattanooga; the said 21st day of November being an election day for the purpose of electing a mayor and aldermen for said city of Chattanooga."

The indictment was quashed, on motion, by the court below, and appealed by the State.

The section of the Code, 4912, act of 1869–70, creates the offense in this language: " No liquor shop in this State shall be kept open on election days, nor shall any person, on said days, give or sell intoxicating liquors to any person for any purpose, at or near an election ground." This was, by act of 1877, extended, and made applicable to all elections held under

authority of municipal corporations; and any person who may, in any such election, violate the above section, is subjected to indictment or presentment, etc. Several objections are taken to this indictment. First, that it is against a firm. We think there is nothing in this—the indictment is to be so treated as against the parties individually—the fact of their being partners, and so stated, does not alter the nature of the charge. It is an act done in the course and usual conduct of their business, and on a day forbidden by law.

The charge is substantially, that these parties kept open their liquor shop, situated within one-half a mile of the election ground of the 5th ward of the city of Chattanooga, on 21st day of November, being the day for the election of mayor and aldermen of the city. The charge might have been more specific, as to an election being actually held, but the fair meaning is, that it was on a day of election, and the law would presume the authorities did not fail of their duty to open and hold an election as required. If none was held in fact, then it is matter of defense that can easily be shown.

While we think, when the offense is charged to be, keeping open a liquor shop on the day of a municipal election, it must be shown to have been done at or near to the said municipality, still we do not think the objection well taken, that as a matter of law, half a mile from a voting place would be too far to incur the penalties of the statute. The object was to prevent parties on election days being debauched

State *v.* Powell.

by liquor, or having access to liquor shops, kept open to furnish supplies of drink, when the people assembled on such occasions. The fruitful source of breaches of the peace and violations of law, on the day of elections, was intended to be prevented. If the shop is kept open at such convenient distance as to be readily accessible to the persons attending the election, the evils intended to be guarded against would follow its being kept open on that day. Whether this be so or not, will be matter for a jury to decide, under proper instructions from the court; but we cannot say how that is, on the face of the indictment. Within half a mile of the voting place, may be within the mischief or may not. It is a question of fact, not of law, under this statute. The charge is as easy to be met in this form, as if it had been at or near the voting place, and this certainly would have been good in view of the objects of the statute.

Such is the principle of the case of *Manis* v. *The State*, 3 Heis., 315, where the indictment was for selling or giving liquor on an election day. The place in that case was a mile and a quarter from the voting place. For these reasons we hold the indictment is good, and reverse the judgment of the court, and remand for further proceedings.