THE PEOPLE, RESPONDENT, v. BARQUET ET AL., APPELLANTS.

APPEAL from the District Court of Ponce.

No. 455.—Decided June 20, 1913.

LIABILITY OF EMPLOYER FOR ACTS OF EMPLOYE—INTERNAL REVENUE LAW—JUDG-
MENT AGAINST PARTNERSHIP ON INFORMATION AGAINST INDIVIDUAL PART-
NERS—TRIAL DE NOVO—JURISDICTION—IRREGULARITY IN LOWER COURT.—An
information having been filed in the Municipal Court of Ponce against Nar-
ciso and Juan Barquet, and their attorney having entered a plea of not guilty
in the name of Barquet Hermanos, the trial was held and said court rendered
a judgment of conviction against the firm. The case having been tried
*de novo* in the district court and the judgment appealed from affirmed, said
judgment was reversed by this court on appeal and a new trial was ordered.
At the beginning of the new trial the defendants demurred on the ground
that the district court was without jurisdiction of the case on appeal because
the judgment rendered by the municipal court was not against the accused
but against the partnership, and the district court found the individual de-
fendants guilty. It was held:

1. That the District Court of Ponce had jurisdiction of a new trial of the
accused on the charges made against them and also of their persons, any
irregularities which may have been committed in the municipal court not being
material to said trial.

2. That the accused, as members of the firm of Barquet Hermanos, are
liable for a violation of the internal revenue law committed by an employe

of the firm in their store, and the fact that there may have been other members of the firm who were not included in the information does not exempt the accused from said liability.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for appellants.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This case originated in the Municipal Court of Ponce in a criminal complaint, which reads as follows:

"Municipal Court of Ponce. United States of America, *ss.* The President of the United States. *The People of Porto Rico* v. *Narciso and Juan Barquet.* I, Manuel de la Cruz, residing at No. 35 Méndez Vigo Street, Ponce, 23 years of age, charge Narciso Barquet and Juan Barquet with the violation of sections 87 and 100 of the Internal-Revenue Laws, committed in the following manner: That on September 21, 1910, in Atocha Street, Ponce, within the municipal judicial district of Ponce, the said Narciso Barquet and Juan Barquet, at or about 10:30 a. m., illegally and fraudulently sold to Ernesto Marcano in their commercial establishment situated on the said street, through one of their clerks named Juan Burgos, three 12-millimetre revolver cartridges without having a license so to sell, as is required by the Internal-Revenue Laws, all of which is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico. Witnesses: F. W. Rideout, Ernesto Marcano and Juan Burgos, of the house of Barquet Hermanos, all residents of Ponce. Manuel de la Cruz, complainant. Sworn to before me this 24th day of September, 1910. J. A. López Acosta, Judge of the Municipal Court of Ponce."

The mercantile firm of Barquet Hermanos, composed of Narciso and Juan Barquet, entered a plea of not guilty by their attorney, Felipe Casalduc, and the trial was held, the said court rendering a judgment of guilty on December 23, 1910, and sentencing the said partnership to pay a fine of $100 and the costs. From this judgment an appeal was taken to the District Court of Ponce by the accused through their attorney, Casalduc.

The case was tried *de novo* before the latter court, which rendered judgment on February 20, 1911, affirming the judgment of the municipal court, from which counsel for Barquet Hermanos appealed to this court, which decided the same on October 24, 1911 (*The People* v. *Barquet et al.,* 17 P. R. R., 994), reversing the judgment appealed from and remanding the case for a new trial on the ground that this court could not affirm a judgment which, instead of deciding upon the responsibility of the two natural persons accused, found guilty a legal entity against which the case had not been prosecuted.

At the beginning of the new trial before the District Court of Ponce the accused filed a demurrer to the information based on subdivision 4 of section 153 in connection with section 161 of the Code of Criminal Procedure, alleging that the district court is without jurisdiction of this case on appeal from a judgment of the municipal court which was not rendered against the accused, this constituting a legal bar to the prosecution. The demurrer was overruled and the accused took exception to the order of the court.

The following witnesses testified at the trial: F. W. C. Rideout, Manuel de la Cruz, Ernesto Marcano, and Juan Burgos.

Rideout testified that he was internal-revenue agent and held this position in Ponce in September, 1910; that on the 21st of said month he instructed his agent, Manuel de la Cruz, to ascertain whether cartridges were being sold in any of the stores of said city without the proper license; that Cruz brought Ernesto Marcano before him and he took Marcano's deposition, afterwards going to the store where Cruz had told him there were cartridges, searching a drawer of the counter and finding among a lot of buttons and other things 83 cartridges which he seized; that this was in the store of Juan and Narciso Barquet; that he spoke about the matter to Juan Barquet while in the store and the latter replied that he was not present when the sale of cartridges was made and

that his firm had no license to sell them, but that they did have a license to sell perfumery; that the said cartridges were seized in a store situated on Atocha Street, corner of Sol Street, in Ponce, which establishment is known by the firm name of Barquet Hermanos and has a license under that name to sell perfumery.

Cruz testified that being internal-revenue agent on duty in Ponce he received orders from Agent Rideout on September 21, 1910, to investigate the fraudulent sale of firearms or cartridges, and that with that object in view he instructed Marcano to try to purchase cartridges in certain stores; that Marcano went to the store of Barquet, followed by the witness, and when he arrived there Marcano was coming out with the cartridges; that he informed Rideout of what had been done and they went together to Barquet's store and took possession of the remainder of the cartridges; that the said cartridges were seized in the store of Narciso and Juan Barquet—that is to say, the store situated on Atocha Street, corner of Sol Street, in Ponce, which is a mercantile establishment doing business under the firm name of Barquet Hermanos.

Marcano testified that on September 21, 1910, he was instructed by Manuel de la Cruz to go to the establishment of Narciso and Juan Barquet and purchase some cartridges, and that with money received from Cruz he purchased three from the clerk, paying 5 cents for each; that the cartridges were taken from a drawer facing the counter; that he is not acquainted with Juan and Narciso Barquet; that he knows that the store belongs to Barquet Hermanos because he has read the sign there; that the store is located on Atocha Street, corner of Sol Street.

Juan Burgos testified that on the said 21st of September, 1910, he was employed by Juan and Narciso Barquet in the Barquet store situated on Atocha Street, corner of Sol Street,

in Ponce, which is doing business under the firm name of Barquet Hermanos; that during the said month. of September an individual came into the store and asked if he had any cartridges, to which he answered in the negative; that the individual left and, on reaching the door, turned back and said that there were cartridges in the store, telling him to look for them in a drawer which was at witness' side; that witness then recalled that there were some old cartridges there which a peon had picked up and he took three of them and sold them for 15 cents; that, subsequently, the revenue agent arrived and took away the remainder of the cartridges, which were in a box outside the counter where there were some buttons, there being no other firearms or ammunition in the store as the owners were not engaged in that business; that there are in the establishment Antonio, Narciso, Juan, José, and Rosa Barquet, but that he could not say whether Juan and Narciso are the partners thereof; that he had been engaged by a letter signed by Barquet Hermanos, and on his arrival he had spoken with Juan, Narciso and José Barquet, whom he recognized as principals and heads of the establishment.

The case terminated in a judgment rendered by the District Court of Ponce on March 1, 1912, declaring Juan Barquet and Narciso Barquet guilty of violating the internal-revenue laws and sentencing them to pay a fine of $100 each, and in default thereof to suffer one day of imprisonment for each $10 remaining unpaid, each to pay one-half of the costs, from which judgment both defendants appealed.

The legal grounds upon which counsel for appellants asks for a reversal of the judgment may be reduced to two:

*First.* Error of the trial court in overruling the demurrer to the complaint.

*Second.* Insufficiency of the evidence to sustain the judgment.

As we have stated, the demurrer is based upon subdivision

4 of section 153 taken in connection with section 161 of the Code of Criminal Procedure.

These sections read as follows:

"Section 153. The defendant may demur to the information, when it appears upon the face thereof, either:

    \*  \*  \*  \* ' \*  \*  \*

"4. That it contains any matter, which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution."

"Section 161. When the objections mentioned in section 153 appear on the face of the information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, or after the trial, in arrest of judgment."

The District Court of Ponce had jurisdiction to take cognizance of the offense charged against the appellants and also had jurisdiction over the appellants. In order that the court might take jurisdiction of said offense on appeal, it was sufficient to have before it the original complaint according to the provisions of section 3 of the Code of Criminal Procedure, and, as the appeal had to be decided by a trial *de novo,* the irregularities which may have been committed in the inferior court, or court *a quo,* could not be considered.

A simple recital of the facts set forth in the complaint was sufficient to show that said acts had taken place in the district of the Municipal Court of Ponce; that the said municipal court had jurisdiction of them, therefore the jurisdiction of the district court to take cognizance of an appeal therefrom was also clear.

In regard to the appellants, as they and not the mercantile firm of Barquet Hermanos were the accused, the former were subject to the jurisdiction of the said district court as presumed offenders.

There was no lack of jurisdiction either as regards the subject-matter or the accused parties.

In regard to the insufficiency of the evidence to support the judgment against Juan and Narciso Barquet, we think that it shows sufficiently that the offense was committed in the mercantile establishment of Barquet Hermanos by one of its clerks while in the discharge of his duties, and shows further that the accused are members of the said firm and have direct participation in its management, which firm is not a corporation but a partnership. This being the case, it is very plain that said accused persons may be prosecuted and punished individually for a violation of the internal-revenue law committed by an employe acting for and on behalf of the partnership.

There may be other partners besides Juan and Narciso Barquet, but as in this case the complaint was made against them alone, it is only necessary to ascertain whether or not the offense was committed in the manner therein specified and whether the accused are partners or not.

Both facts were proven satisfactorily.

In support of the doctrine laid down above we may cite the following authorities:

"A partnership cannot be indicted by their firm name; the indictment should be against the members as individuals." *Peterson & Fitch,* v. *The State,* 32 Tex. Rep., 477.

"An indictment against A. & B., partners, trading under the name of A. & B., will be treated as against the parties individually." *The State* v. *A. & C. Powell,* 71 Tenn., 164.

"For the acts of agents or servants of a partnership, the firm as well as each member thereof is answerable, provided these are done in the course of their employment as partnership agents or servants;" * * *. 30 Cyc., 536.

"Any violation of the revenue law incurring a penalty committed by a partner in the course of partnership business is in legal contemplation the act of all the partners, and each one of them is liable to the penalty." 22 Cyc., 1676.

The judgment appealed from is affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.