EL PUEBLO, APELADO, *v.* BARQUET ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 455.—Resuelto en junio 20, 1913.

INFRACCIÓN DE LA LEY DE RENTAS INTERNAS—SENTENCIA CONDENATORIA CONTRA UNA SOCIEDAD EN VIRTUD DE DENUNCIA CONTRA SUS SOCIOS INDIVIDUALMENTE—JURISDICCIÓN DE LA CORTE DE DISTRITO.—Presentada denuncia ante la Corte Municipal de Ponce contra Narciso y Juan Barquet, después de celebrado el juicio bajo la alegación de inocentes hecha por el abogado a nombre de la sociedad mercantil Barquet Hermanos, dicha corte dictó sentencia condenatoria contra la sociedad. Celebrado juicio *de novo* ante la corte de distrito fué confirmada la sentencia apelada, y esta Corte Suprema revocó en grado de apelación dicha sentencia, ordenando la celebración de un nuevo juicio. En el acto del nuevo juicio los acusados alegaron la excepción perentoria de que la corte de distrito no tenía jurisdicción para conocer de este caso en grado de apelación, por no haber dictado la corte municipal sentencia contra los acusados sino contra la sociedad mercantil y la corte de distrito declaró culpables a los acusados individualmente. Se resolvió:

1. Que la Corte de Distrito de Ponce tenía jurisdicción para conocer en nuevo juicio del delito imputado a los acusados y también la tenía sobre éstos, no pudiendo ser materia de dicho juicio las irregularidades que se hubieran cometido en la corte municipal.

2. Que los acusados como socios de la sociedad Barquet Hermanos son responsables de la infracción de la ley de rentas internas cometida por un dependiente de la misma en su tienda, sin que les exima de esta responsabilidad el hecho de que pueda haber otros socios no comprendidos en la denuncia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Felipe Casalduc.*

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

La presente causa se originó en la Corte Municipal de Ponce a virtud de denuncia que copiada a la letra dice así:

"Corte Municipal de Ponce. Estados Unidos de América, SS: El Presidente de los Estados Unidos. *El Pueblo de Puerto Rico* v. *Narciso Barquet y Juan Barquet.* Yo, Manuel de la Cruz, vecino de Ponce, calle de Méndez Vigo, No. 35, de 23 años, formulo denuncia contra Narciso Barquet y Juan Barquet por delito contra las Leyes de Rentas Internas, secciones 87 y 100 cometido de la manera siguiente: que en 21 de septiembre de 1910, en la calle Atocha de Ponce, del Distrito Judicial Municipal de Ponce, los indicados Narciso Barquet y Juan.Barquet, como a las diez y media de la mañana, ilegal y fraudulentamente vendieron, en su establecimiento comercial, situado en la calle antes mencionada, por medio de uno de sus dependientes, llamado Juan Burgos, tres cápsulas de revólver de 12 milímetros al individuo Ernesto Marcano, sin que para ello tuviesen la licencia prescrita por la Ley de Rentas Internas; siendo todo ello contrario a la ley para tales casos hecha y prevista, y a la paz y dignidad de El Pueblo de Puerto Rico. Siendo testigos: F. W. Rideout, Ernesto Marcano y Juan Burgos de la casa Barquet Hermanos, vecinos de Ponce. Manuel de la Cruz, denunciante. Jurada ante mí hoy 24 de septiembre de 1910. J. A. López Acosta, Juez de la Corte Municipal de Ponce."

Celebrado el juicio bajo la alegación de inocente hecha por el abogado Felipe Casalduc a nombre de la sociedad mercantil Barquet Hermanos, compuesta de Narciso y Juan Barquet, la expresada corte dictó sentencia en 23 de diciembre de 1910 condenando a la referida sociedad a la pena de $100 de multa y costas del juicio, contra cuya sentencia interpuso el abogado Casalduc en la representación indicada, recurso de apelación para ante la Corte de Distrito de Ponce.

Ante dicha corte se celebró el juicio *de novo,* el cual terminó por sentencia dictada en 20 de febrero de 1911, confirmatoria de la de la corte municipal y contra ella la representa-

ción de Barquet Hermanos interpuso recurso de apelación para ante esta Corte Suprema, resuelta en 24 de octubre de 1911 (*El Pueblo* v. *Barquet et al.*, 17 D. P. R., 1033), revocando la sentencia apelada y ordenando la celebración de un nuevo juicio, por el fundamento de que no era posible sostener una sentencia que en lugar de resolver sobre la responsabilidad de las dos personas naturales acusadas, condenaba a una entidad jurídica contra la que no se había seguido el proceso.

Al empezar el nuevo juicio ante la Corte de Distrito de Ponce, los acusados formularon excepción perentoria a la denuncia, fundada en el número 4°. del artículo 153 en relación con el 161 del Código de Enjuiciamiento Criminal, por cuanto la corte de distrito no tiene jurisdicción para conocer de este caso en grado de apelación, de la corte municipal, de sentencia que no se ha dictado contra los acusados comparecientes, excepción legal que excluye toda acción. La excepción fué desestimada y los acusados tomaron excepción contra la orden de la corte.

Declararon en el juicio como testigos F. W. C. Rideout, Manuel de la Cruz, Ernesto Marcano y Juan Burgos.

Rideout dice que era agente de rentas internas y desempeñaba' ese cargo en Ponce en septiembre de 1910; que en 21 de dicho mes ordenó a su agente, Manuel de la Cruz, que investigara si vendían balas sin patente en alguna de las casas de comercio de dicha ,ciudad y, el Cruz condujo a su presencia a Ernesto Marcano a quien tomó declaración, después de la cual fué a la tienda y registró donde le había dicho Cruz que había balas, en una gaveta del mostrador, encontrándolas allí en número de 83, las que recogió, habiendo allí también botones y otras cosas; que eso fué en la casa de Juan y Narciso Barquet; que en la tienda habló con Juan Barquet, quien dijo no estaba presente cuando se efectuó la venta de balas y que en esa casa de comercio no tenían patente para venderlas y sí para vender perfumería; que esas balas fueron ocupadas en una tienda que está en la calle Atocha, es-

quina a la del Sol, en Ponce, y cuya casa de comercio se conocía como de la razón social de Barquet Hermanos, la que tiene patente de perfumería a nombre de la razón social de Barquet Hermanos.

Cruz declara que siendo agente de rentas internas de Ponce, en 21 de septiembre de 1910 recibió orden del agente Rideout de investigar la venta fraudulenta de armas de fuego o municiones, y como medio de investigación mandó a Marcano a que tratara de comprar balas en algunas casas; que Marcano fué a la casa de Barquet siguiéndole el testigo y cuando llegaba a la tienda de Barquet ya salía Marcano con las balas; que dió cuenta de ello a Rideout y juntos fueron a la casa de Barquet y ocuparon el resto de las balas y que éstas fueron ocupadas en la casa de Narciso y Juan Barquet o sea la tienda de comercio que está en la calle de Atocha esquina a la calle Sol en Ponce, y es mercantil que gira baja la razón social de Barquet Hermanos.

Marcano refiere que en 21 de septiembre de 1910 le encargó Manuel de la Cruz fuera a la casa de Narciso y Juan Barquet a comprar unas balas y que con dinero que le entregó Cruz compró tres al dependiente, pagando 5 centavos por cada una; que esas balas se sacaron de una gaveta frente al mostrador y que no conoce a Juan y Narciso Barquet; y que sabe que la tienda es de Barquet Hermanos, porque lo ha leído allí y está situada en la calle de Atocha esquina a Sol.

Juan Burgos depone que en la repetida fecha 21 de septiembre de 1910 era empleado de Juan y Narciso Barquet, en la tienda de Barquet situada en la calle de Atocha esquina a Sol en Ponce, que gira bajo la razón social de Barquet Hermanos; que en dicho mes de septiembre se presentó un individuo en la tienda y preguntó si había balas allí, contestándole en sentido negativo; que el individuo se marchó y al llegar a la puerta volvió para atrás y le dijo que sí había balas, que la buscara en un cajón que estaba al lado del declarante; que entonces recordó que allí había unas balas viejas

las que un peón había recogido del suelo, y tomó tres de ellas y se las vendió en 15 centavos; que después llegó el investigador y se llevó el resto de las balas, las que estaban en la parte del público tiradas en un cajón, donde también había botones, no habiendo en toda la tienda más armas ni municiones, pues los dueños de la casa no se dedicaban a ese negocio; que en la casa existían Don Antonio, Don Narciso, Don Juan, Don José y Doña Rosa Barquet, ignorando si Juan y Narciso eran socios de la misma; que para colocarse en la casa había sido comprometido mediante carta suscrita por Barquet Hermanos y al llegar a ella habló con Juan, con Narciso y con José Barquet a los que tiene como principales y jefes de la misma.

El juicio terminó por sentencia que dictó la Corte de Distrito de Ponce en 1º. de marzo de 1912, por la que declaró a Juan Barquet y Narciso Barquet convictos del delito de infracción a las Leyes de Rentas Internas y los condenó a la pena de $100 de multa cada uno y en defecto de pago a sufrir un día de cárcel cada uno por cada $10 que dejaren de satisfacer y al pago de las costas de la causa en la proporción de una mitad de las mismas cada uno, contra cuya sentencia interpusieron ambos recurso de apelación.

A dos pueden reducirse los motivos legales que invoca la representación de los apelantes en apoyo del recurso:

*Primero.* Error de la corte inferior al desestimar la excepción perentoria a la denuncia;

*Segundo.* Insuficiencia de la prueba para sostener la sentencia.

La excepción, como hemos dicho, se basa en el párrafo 4º. del artículo 153 en relación con el 161 del Código de Enjuiciamiento Criminal.

Esos artículos dicen así:

"Artículo 153. El acusado podrá poner reparos a la acusación, cuando de su contenido resultare cualquiera de las circunstancias siguientes:

    \*      \*      \*      \*      \*      \*      \*

"4. Contener cualquiera materia que, de ser cierta, constituiría una justificación o excusa legal del delito denunciado, o excepción legal que excluya la acción.

"Artículo 161. Cuando las objeciones mencionadas en el artículo 153 resulten de la acusación, sólo podrán alegarse mediante excepción perentoria, salvo que la excepción por la que se decline la jurisdicción del tribunal, o se alega que los hechos denunciados no constituyen delito público, podrán deducirse en el juicio, cuando se niega la acusación o después del juicio, para pedir el sobreseimiento o suspensión del fallo."

La Corte de Distrito de Ponce tenía jurisdicción para conocer del delito imputado a los apelantes y también tenía jurisdicción sobre éstos. Para conocer de dicho delito en grado de apelación le bastaba atender a la primitiva denuncia según el artículo 3º. del Código de Enjuiciamiento Criminal, y como el recurso había de resolverse mediante la celebración de un nuevo juicio, no podían ser materia del mismo las irregularidades que en la corte inferior o *a quo* pudieran haberse cometido.

La simple relación de los hechos expuestos en la denuncia bastaba para demostrar que esos hechos habían tenido lugar en el distrito de la Corte Municipal de Ponce, que esa corte municipal tenía jurisdicción para conocer de ellos y que, por tanto, también era clara la jurisdicción de la corte de distrito en grado de apelación.

En cuanto a los apelantes, como éstos eran los acusados y no la sociedad mercantil Barquet Hermanos, aquéllos como presuntos culpables estaban sujetos a la jurisdicción de dicha corte de distrito.

No había falta de jurisdicción ni por razón de la materia ni por razón de los acusados.

En cuanto a la insuficiencia de la prueba para sostener la sentencia contra Juan y Narciso Barquet, entendemos que ella demuestra suficientemente que el delito se cometió en la casa mercantil de Barquet Hermanos, por un dependiente de la misma que actuaba dentro de las funciones de su cargo y

y demuestra, además, que los acusados son socios e intervienen directamente en los negocios de dicha casa mercantil, la que no es una corporación sino una sociedad. Siendo ello así es bien claro que dichos acusados pueden ser perseguidos y castigados individualmente por una violación de la Ley de Rentas Internas cometida por un dependiente que actuó por y para la sociedad.

Podrá haber otros socios, además, de Juan y Narciso Barquet, pero como en este caso la denuncia se presentó únicamente contra ellos, sólo es necesario averiguar si el delito se cometió en la forma especificada en la misma y si los acusados son socios o no.

Ambos extremos se han justificado cumplidamente.

En apoyo de la doctrina expuesta podemos citar las siguientes autoridades:

"Una sociedad (*partnership*) no puede ser acusada bajo su razón social; la acusación debe formularse contra sus miembros como individuos." *Peterson & Fitch* v. *The State,* 32 Tex. Rep. 477.

"Una acusación contra los socios A. & B., que comercian bajo la razón de A. & B., se considerará como si lo fuera contra las partes individualmente." *State* v. *Powell,* 71 Tenn., 164.

"La sociedad, lo mismo que cualquiera de sus miembros, es responsable por los actos de sus agentes o empleados, siempre que dichos actos sean ejecutados por dichos agentes o empleados en el curso de su agencia o empleo." 30 Cyc., 536.

"Cualquiera violación de la ley de rentas que lleve consigo una penalidad cometida por un socio en el curso de los negocios de la sociedad, es, dentro de los propósitos de la ley, el acto de todos los socios, y cada uno de ellos está sujeto a la pena." 22 Cyc., 1676.

Procede la confirmación de la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.