EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN CACHO, acusado y apelante.

No. 5163.—*Sometido:* Diciembre 13, 1933. *Resuelto:* Febrero 14, 1934.

*R. Rivera Zayas*, abogado del apelante; *R. A. Gómez, Fiscal*, abogado de El Pueblo, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Ramón Cacho fué acusado y condenado por vender café tostado y molido adulterado con azúcar quemada.

En la apelación que interpuso contra la sentencia que lo condena a pagar una multa alega como único motivo para su recurso que fué error el haberle condenado sin existir prueba de su culpabilidad pues no aparece que ejecutara acto alguno en relación con los hechos alegados en la acusación y porque en la hipótesis de que existieran fueron realizados por una mercantil, no habiéndose probado que el apelante sea el único gestor de ella ni el verdadero autor de los hechos.

No aparece de la prueba que el apelante vendiera personalmente el café que motivó la acusación en este caso. Lo que resulta de ella es que el apelante tiene una tienda de provisiones y tuesta y muele café para la venta: que tiene *guaguas* (vehículos de motor) para llevar café a las tiendas que lo compran, donde es vendido por sus empleados: y que uno de éstos vendió el café ocupado, el cual se entregó en saco de papel que tiene el nombre de R. Cacho & Co., de la que es gestor el apelante.

La única prueba respecto a la existencia de tal sociedad mercantil fué lo que dijeron los testigos, sin que aparezca de sus manifestaciones que el apelante tenga otro socio gestor. El uso por una persona de un nombre social para sus negocios no es prueba concluyente de que tal sociedad exista, ya que el Código de Comercio dispone en su artículo 119 que toda compañía de comercio deberá hacer constar su constitución en escritura pública que será inscrita en el Registro Mercantil. Puede ocurrir, y ha ocurrido, que una persona haga negocios con un nombre social sin que tenga sociedad con otra persona. Por consiguiente, no se probó suficiente-

mente que el café fuera tostado y vendido por una sociedad. Pero, aun admitiendo que tal sociedad exista, la acusación era procedente contra Ramón Cacho, aunque tuviera otro socio, según hemos declarado en el caso de *El Pueblo* v. *Barquet,* 19 D.P.R. 792, en el cual Narciso Barquet y Juan Barquet, que tenían una sociedad mercantil con otras personas, fueron acusados individualmente por una venta hecha por un dependiente de la firma social y confirmamos la sentencia condenatoria que fué impuesta a ellos dos, diciendo, entre otras cosas, que una sociedad (*partnership*) no puede ser acusada bajo su razón social sino sus miembros individualmente y que son responsables por los actos de sus agentes o empleados siempre que dichos actos sean ejecutados en el curso de su agencia o empleo. El hecho de tener el acusado o la sociedad mercantil de que dice ser gestor, *guaguas* para repartir y vender café por sus empleados es una autorización directa para tales ventas, penable criminalmente cuando tal venta infringe algún estatuto penal, como se infringió en este caso la Ley No. 24 de 1928, pág. 169, que prohibe vender café adulterado. 16 C. J. 123, párrafo 106: *People* v. *Green,* 22 Cal. App. 51: *Hipp* v. *State,* 5 Blackford 149, 33 Am. Dec. 463.

*La sentencia apelada debe ser confirmada.*