SATURNINO RODRÍGUEZ, peticionario, *v.* CORTE DE DISTRITO DE HUMACAO, HON. F. GONZÁLEZ FAGUNDO, Juez Interino, demandada.

Núm. 1489.—*Sometido:* Agosto 27, 1942. *Resuelto:* Agosto 28, 1942.

*M. Velázquez Flores,* abogado del peticionario; *Hon. Procurador General George A. Malcolm* y *R. García Cintrón, Procurador General Auxiliar,* y *Benjamín Ortiz,* ex Juez de la corte demandada, quien dictó las resoluciones a ser revisadas, como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Hallándose pendiente en la Corte de Distrito de Humacao una acusación contra Saturnino Rodríguez por un supuesto delito de incesto, el entonces juez de dicha corte, Sr. Benjamín Ortiz, dictó en el referido caso con fecha 12 del actual, una orden que en lo pertinente dice así:

"En virtud de las disposiciones de la Ley 250 aprobada el 13 de mayo de 1942, la Corte traslada este caso a la Corte de Distrito de Caguas. . . ."

El mismo día el acusado presentó una moción en la Corte de Distrito de Humacao solicitando que se dejase sin efecto la ameritada orden de traslado, basándose en que la citada Ley 250 aprobada el 13 de mayo de 1942 (página 1437) es nula: (*a*) por existir una discrepancia entre el título y el cuerpo de la ley; (*b*) porque en el cuerpo de la ley se agrega a la Corte de Distrito de Caguas el término municipal de Comerío, mientras que en el título no se menciona ese término municipal; y (*c*) porque en la referida ley no se asignan sueldos a los funcionarios de la Corte de Distrito de Caguas.

El propio día 12 de agosto el mismo juez denegó la moción del acusado mediante la siguiente orden:

"Vista la moción presentada por el acusado en la que solicita que se deje sin efecto la orden de traslado de este caso a la Corte de Distrito de Caguas, la corte la declara sin lugar por entender que la Corte de Distrito de Caguas ha sido válidamente creada por ley; que la compensación no es parte esencial de la existencia de los cargos y que la Corte de Distrito de Caguas existe real y legalmente a pesar de no tener incumbentes en los momentos actuales. (*Ex parte Stratman*, 39 Cal. 517; 22 R. C. L. 375). Notifíquese. Humacao, Puerto Rico, a 12 de agosto de 1942. (fdo.) B. Ortiz, B. Ortiz, Juez de Distrito."

No estando conforme con las dos resoluciones, presentó Rodríguez ante este Tribunal una petición de *mandamus* contra la Corte de Distrito de Humacao representada por su indicado juez, pero habiendo cesado éste en el desempeño de su cargo enmendó la petición sustituyéndolo por su sucesor con carácter interino, Sr. F. González Fagundo, y solicitando en la alternativa, un auto de *certiorari* para el caso en que este Tribunal estimase improcedente el recurso de mandamus.

Habida cuenta de que el mandamus no procede para revisar la resolución de un tribunal inferior como sostuvimos en *Pueblo v. La Costa, Jr.,* 59 D. P. R. 179, y considerando que la cuestión cuya revisión se solicita es una de procedi-

miento a la vez que de jurisdicción, artículo 670 del Código de Enjuiciamiento Civil (ed. 1933) y que contra las órdenes impugnadas no existe recurso de apelación, artículo 347 del Código de Enjuiciamiento Criminal (ed. 1935), el Juez que emite esta opinión, actuando en funciones de turno, expidió el auto de certiorari revertible ante el Tribunal en pleno el 27 del actual, para cuya fecha, el Gobernador, habida cuenta de la urgencia del caso y del interés público que el mismo envuelve, había convocado a este Tribunal a sesión especial a fin de considerar y resolver el presente caso.   En dicha fecha quedó sometido a nuestra consideración.

Expuestos estos antecedentes, pasaremos ahora a estudiar y resolver la controversia.

Prescribe nuestra Ley Orgánica en su artículo 34 que ''no se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, *el cual deberá ser claramente expresado en su título;* pero si algún asunto que no esté expresado en el título fuese incluído en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título.''

Si nos detenemos a examinar el precepto constitucional transcrito, observaremos que requiere que el asunto de una ley sea *claramente expresado* en el título y que aunque hace la salvedad de que si algún asunto que no esté expresado en el título fuese incluído en el cuerpo de la ley ésta será nula solamente en aquella parte de la misma que no hubiere sido expresada en el título, sin embargo, no contiene igual salvedad cuando, como sucede en el presente caso, el texto de la ley claramente contraría lo expresado en el título.   es que el título de una ley tiene por objeto informar al público en general y a los legisladores en particular, el asunto que es objeto de la ley, de forma que el primero pueda oponerse a su aprobación si la considera lesiva a sus intereses y los segundos estén en condiciones de emitir su voto cons-

cientes del asunto objeto de legislación. La necesidad de que el título de la ley refleje fielmente el contenido de la misma. surge diáfana de otro apartado del mismo artículo 34, sup:a,. que dice así:

"El Presidente de cada Cámara firmará, en presencia de la Cámara que presida, todos los proyectos de ley y resoluciones conjuntas aprobados por la Asamblea Legislativa, *después que sus títulos hayan sido leídos públicamente,* inmediatamente antes de firmar; y el hecho de firmar se hará constar en el acta." (Bastardillas nuestras.)

Aplicando el precepto constitucional que nos ocupa, la Corte de Circuito de Apelaciones, Primer Circuito, en el caso de *Martínez* v. *People of Puerto Rico,* 46 F (2d) 427, 429,. procedente de este Tribunal, dijo:

"No vemos cómo los que votaron la ley pudieron ser inducidos a error por el título."

No se entienda que sostenemos que el título debe contener una minuciosa descripción de la ley. Basta que exprese en términos generales cuál es su objeto, *Rodríguez* v. *P. R. Ry.,. Lt. & Power Co.,* 30 D.P.R. 931, siempre que, desde luego, no induzca a error. Como gráficamente se dijo en el caso últimamente citado, el título debe ser "un poste indicador" de lo que contiene la ley. Véase *Posados* v. *Warner, B. & Co.,. 279 U. S. 340, donde interpretando la cláusula tercera de la Ley Orgánica de Filipinas dispositiva de que "ningún proyecto de ley se convertirá en ley cuando contenga más de un asunto, y que el objeto de la ley será expresado en su título" dijo el Tribunal Supremo de los Estados Unidos que el propósito de ese principio constitucional "es impedir la inclusión en la ley de materia incongruente y extraña a la vez que poner en guardia contra la inadvertencia, la ocultación y el fraude en la legislación. Cuando los proyectos de ley se ajustan a tales requerimientos, sus títulos sirven convenientemente para informar a los legisladores y al público de los asuntos bajo su consideración".

Sentados estos principios, veamos ahora si el título de la ley que nos ocupa adolece de los defectos que le imputa el peticionario. Su título dice así:

"LEY para segregar los términos municipales de Caguas, Aguas Buenas, *Gurabo, Juncos, San Lorenzo* y Cidra del Distrito Judicial de Humacao; para segregar el término municipal de Comerío del Distrito Judicial de Bayamón; para crear el Distrito Judicial de Caguas y la Corte de Distrito Judicial de Caguas; determinar sus funciones, jurisdicción y funcionarios, y asignar los fondos necesarios para el pago de los mismos y de los gastos de instalación de dicha corte, y para otros fines."

Sus artículos 1, 2 y 3 literalmente dicen:

"Artículo 1.—A partir de la fecha en que comience la vigencia de la presente Ley, la Corte de Distrito de Humacao quedará existiendo y funcionando en la misma forma que existe y funciona en la actualidad, excepto en lo que se refiere a su jurisdicción territorial, que a partir de la vigencia de esta Ley comprenderá solamente los términos municipales de Humacao, Ceiba, Culebra, Fajardo, Las Piedras, Luquillo, Maunabo, Naguabo, Vieques, Yabucoa, *Gurabo, San Lorenzo* y *Juncos.*

"Artículo 2.—Por la presente se crea el Distrito Judicial de Caguas, con capitalidad en Caguas, y el cual comprenderá los términos municipales de Caguas, Aguas Buenas, Cidra y Comerío y se crea la Corte de Distrito del Distrito Judicial de Caguas, que tendrá su asiento en la ciudad del mismo nombre y tendrá jurisdicción territorial sobre los términos municipales comprendidos en el Distrito Judicial de Caguas, que se crea por la presente, a saber: Caguas, Aguas Buenas, Cidra y Comerío.

"Artículo 3.—Por la presente se segrega el término municipal de Comerío del Distrito Judicial de Bayamón, y queda por la presente incluído en el Distrito Judicial de Caguas, que se crea en la presente."

Bastará yuxtaponer el título de la ley con sus artículos 1 y 2 antes transcritos para inmediatamente advertir que el primero dista mucho de ser el "poste indicador" del contenido de la ley y que por el contrario el título se halla en palmaria contradicción con el contenido de dichos dos artículos.

El título indica que el propósito de la ley es segregar del distrito judicial de Humacao los términos municipales de Caguas, Aguas Buenas, *Gurabo, Juncos, San Lorenzo* y Cidra; del distrito judicial de Bayamón el término municipal de Comerío, infiriéndose del mismo que con todas estas municipalidades así segregadas se crearía el distrito judicial de Caguas con su correspondiente Corte de Distrito. Empero, el artículo 1 de la ley expresamente prescribe que las municipalidades de Gurabo, San Lorenzo y Juncos, que según se infiere del título formarán parte del distrito judicial de Caguas, continuarán siendo parte integrante del distrito judicial de Humacao. Y el artículo 2 al crear el distrito judicial de Caguas, expresamente dispone que dicho distrito judicial comprenderá los términos municipales de Caguas, Aguas Buenas, Cidra y Comerío, no quedando comprendidas en el mismo las municipalidades de Gurabo, Juncos y San Lorenzo, no obstante lo que implícitamente se expresa en el título.

La ley que nos ocupa, conforme aparece de su texto, constituye una marcada desviación de la norma establecida por la Asamblea Legislativa por un período de cerca de cuarenta años en lo que respecta al número de municipalidades y población de que se han formado los distintos distritos judiciales. Un estudio de la población y número de municipalidades de que se componen los ocho distritos judiciales que actualmente existen, según consta de datos estadísticos que aparecen en el alegato del Procurador General, revelará que su población fluctúa entre la máxima de 311,570 correspondiente al distrito judicial de San Juan y la mínima de 143,282 correspondiente al de Guayama; que el número de municipalidades de que cada uno de ellos se compone fluctúa entre 16 de que consta el distrito de Humacao y 6 el de San Juan, comprendiendo este último la ciudad capital con una población urbana de 169,247 habitantes. En contraste con las anteriores cifras, observaremos que el distrito

de Caguas a que se contrae'la Ley núm. 250 sólo consta, según el texto de la misma, de cuatro municipios con una población total de 106,938 habitantes. De acuerdo con el título de la ley, sin embargo, dicho distrito debería constar de siete municipalidades que lo equipararían a los de Aguadilla y Guayama, respectivamente, y una población total de 168,899 habitantes, mayor que la de los dos distritos judiciales últimamente mencionados. Considerados estos datos, nos preguntamos si aquellos legisladores que inducidos por el contenido del título votaron en favor de la ley, hubieran procedido en igual sentido de haber conocido el texto de la misma especialmente si se detenían a reflexionar si estaría justificado el considerable gasto que representa al Tesoro la creación de un distrito judicial consistente tan sólo de cuatro municipalidades—tres de ellas de escasa importancia—y una población total de 106,938 habitantes. ¿Podría decirse ahora con el más ligero asomo de razón que el título no pudo inducir a error a los legisladores que votaron la ley en cuestión? ¿Sirvió ese título para informar convenientemente al público del verdadero objeto de la ley? Indudablemente que no.

Se observará que no se trata en este caso de una ley que contiene una materia no expresada en el título o que no contiene una materia expresada en el título. Se trata de la infracción más grave al precepto constitucional, la que puede producir decepción, ocultación o fraude, expresando una cosa en el título y diciendo lo contrario en el cuerpo de la ley. Si una ley así concebida fuese declarada válida, tal declaración equivaldría a convertir en letra muerta el principio constitucional. A nuestro juicio, la legislación en controversia infringe el artículo 34 de nuestra Ley Orgánica ya que su título no expresa claramente el asunto que es objeto de la misma, y siguiendo la norma establecida por la Corte Suprema Nacional en el caso de *Posados* v. *Warner, B. & Co.*, supra, página 344, al efecto de que los tribunales hacen cumplir estrictamente las disposiciones de dicho prin-

cipio en aquellos casos que como en el presente, se halla comprendido dentro de la razón que lo inspira, preciso es resolver que la ley en controversia es inconstitucional.

En cuanto al segundo fundamento del recurso, el marcado con la letra ''(b)'', no tiene razón el peticionario, pues entre el título y el texto de la ley (artículo 3) existe una perfecta correspondencia en lo que se refiere al término municipal de Comerío.

La conclusión a que llegamos nos releva de discutir la cuestión relativa al efecto de asignación en el presupuesto de las partidas necesarias para el funcionamiento de la Corte de Distrito de Caguas.

Opinando, como opinamos, que la Ley núm. 250 de 13 de mayo de 1942 es inconstitucional, las órdenes recurridas basadas como están en las disposiciones de una ley nula, nulas son también, y al así decretarlo, *procede ordenar a la Corte de Distrito de Humacao que reasuma jurisdicción sobre el caso criminal núm. 17318, seguido contra el peticionario Sartunino Rodríguez por un delito de incesto, y continúe tramitándolo hasta su disposición final en armonía con los principios enunciados en esta opinión.*

El Juez Asociado Sr. Snyder no intervino.