EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ CARDONA, acusado y apelante.

Núm. 10411.—*Sometido:* Marzo 15, 1944. *Resuelto:* Marzo 24, 1944.

*James R. Beverley* y *Enrique Segarra, Jr.,* abogados del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué convicto y sentenciado a pagar una multa de $10 por una infracción al artículo 370 del Código Penal, consistente, según se alegó en la denuncia, en que ''sacó y mostró en presencia de dos o más personas un revólver negro de tamaño grande, el cual es un arma mortífera, esto en una actitud violenta, colérica y amenazadora'', sin ser un caso de defensa propia.

En apoyo de su recurso el apelante sostiene que la corte sentenciadora erró al apreciar la prueba y al aplicar la ley a los hechos del caso.

■ El artículo 370 del Código Penal, en su texto español lee así:

*"Exhibición o uso indebido de Armas Mortíferas.* Toda persona que sin ser un caso de necesaria defensa propia, sacare o mostrare en presencia de dos o más personas, alguna arma mortífera en *actitud violenta, colérica y amenazadora,* o que de modo ilegal hiciere uso de dicha arma en alguna riña o pendencia, incurrirá en *misdemeanor."* (Bastardillas nuestras.)

Las palabras "en actitud violenta, colérica y amenazadora" que hemos subrayado, son una traducción imperfecta de las palabras *"in rude, angry and threatening manner",* que aparecen en el texto inglés, copiado al pie de la letra del artículo 417 del Código Penal de California.

Entre las varias acepciones que corresponden al término inglés *"rude"* se encuentra sin duda alguna la de violencia. Pero esa acepción no es la única que puede darse a dicho término, el cual significa impertinente, rudo, insultante, inculto, grosero, vulgar, bárbaro, ordinario y violento. Véase: *Roget's Thesaurus* (1942 Ed.) pág. 438, y el caso *Sate* v. *Lawrence,* 19 Neb. 307, 314 en el que se sostiene que "rudely", rudamente, significa "en forma ruda; ordinariamente; incivilmente; violentamente." No es, pues, absolutamente necesario que la persona que saca o muestra el arma mortífera lo haga en actitud violenta. Si lo hace bruscamente o con rudeza o en forma descompuesta, acompañada de ira o cólera y en actitud amenazadora, demostrativa de su intención de agredir ilegalmente a otra persona y de su aptitud para ejecutar tal propósito, y si ese acto es suficiente para producir en el ánimo de la persona amenazada el temor de una agresión, en ese caso estarán presentes todos los elementos exigidos por el estatuto.

■■ Haremos ahora un breve resumen de la prueba.

Los hechos establecidos por la prueba de cargo son como sigue:

El día 2 de julio de 1943, encontrándose el individuo Atanasio de Jesús, en Guánica, frente al establecimiento de

Eliseo Rivera, llegó allí en automóvil el acusado y después de detener el vehículo, dirigiéndose a Atanasio de Jesús en voz fuerte, medio alterado y con coraje le dijo: "Oye Tano, ¿yo soy el Kaiser de Ensenada? So hijo de la gran puta, cobarde", apuntándole mientras pronunciaba esas palabras con un revólver. El chófer al ver el peligro echó a andar el carro y se fué. Acto seguido se aglomeró allí mucha gente del pueblo que pasaba. Las palabras transcritas fueron pronunciadas en presencia de otras tres personas, las que declararon en el acto del juicio corroborando lo declarado por de Jesús, que fué la persona insultada y amenazada.

La prueba de la defensa tendió a demostrar que en la mañana de ese mismo día, mientras el acusado estaba esperando una guagua, Atanasio de Jesús, que estaba a corta distancia del acusado, dijo que Ramón Cardona era el dictador de la Guánica Central y "un hijo de la gran puta"; que cuando el acusado encontró a de Jesús en la tarde de ese mismo día, lo único que hizo fué preguntarle por qué le había llamado "Kaiser" y mentádole la madre; que el acusado no sacó ningún revólver y cuando se dirigió a de Jesús lo hizo en tono amistoso y no en actitud agresiva.

La evidencia es claramente contradictoria. El conflicto que de toda ella resulta fué resuelto por la corte inferior en contra del acusado. Y siendo la prueba de cargo suficiente para sostener y justificar la sentencia recurrida, ésta *debe ser confirmada*.