EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
GONZALO RAMOS GONZÁLEZ, acusado y apelante.

Núm. 11749.—*Sometido:* Febrero 12, 1947. *Resuelto:* Marzo 13, 1947.

*Juan Figueroa Rivera,* abogado del apelante; *Hon. Procurador General Interino, Luis Negrón Fernández,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

El apelante fué acusado y convicto por una infracción de la Ley núm. 31 de abril 29 de 1943 (pág. 83), "consistente en que siendo dueño de un establecimiento comercial (cafetín) . . . no tenía expuesta al público la lista de precios de los artículos allí existentes, a sabiendas de que tenía que exponer dicha lista de precios máximos de acuerdo con lo estipulado por la O.A.P."

En la misma fecha se formuló otra denuncia contra el mismo acusado apelante por otra infracción de la citada ley, consistente en haber permitido "que su hermano Manuel Ramos, vendiera dos botellas de cerveza pequeñas marca India a Pedro Casanova, de Cataño, y le cobrara por las mismas la cantidad de 40 centavos a sabiendas que el pre-

cio estipulado por la O.A.P. es para venderse a 15 centavos cada botella.''

Vistos ambos casos conjuntamente, la Corte de Distrito de Bayamón declaró al acusado culpable de las dos alegadas infracciones, condenándole por la primera a una multa de $50 y por la segunda a dos meses de cárcel. El presente recurso ha sido interpuesto contra ambas sentencias, alegándose como único señalamiento que la corte sentenciadora erró en la apreciación de la prueba en ambos casos.

■ La prueba en cuanto a la primera alegada infracción es contradictoria. La presentada por el fiscal, a la cual dió crédito la corte inferior, es a nuestro juicio suficiente para sostener la acusación que se hizo al apelante de no haber tenido el día de autos expuesta al público la lista de precios máximos aprobada por la O.A.P. La sentencia impuesta al apelante por esta infracción debe ser confirmada.

■ La prueba aducida por el Fiscal para sostener la acusación de que el acusado, por medio de su hermano, vendió dos botellas de cerveza a un precio mayor que el autorizado por la O.A.P. es suficiente. La prueba del Fiscal tendió a demostrar que la cerveza había sido vendida en el establecimiento del acusado al precio de 20 centavos la botella; y que los compradores consumieron la cerveza de pie frente al ''bar'' del establecimiento y bebiéndola directamente de la botella, sin que el establecimiento les suministrara servicio alguno.

■ La defensa presentó prueba tendiente a sostener que la cerveza había sido vendida y servida a los consumidores, no en el ''bar'' o mostrador del establecimiento y sí en uno de los reservados; y que se les sirvió fría y en vasos. Alegó el acusado que la O.A.P. autorizaba el precio de 20 centavos por botella cuando la cerveza se servía en vasos y en los reservados del establecimiento; y 15 centavos por botellas cuando el establecimiento no daba servicio. Como se ve, la evidencia es contradictoria y no podemos decir que la corte inferior errara al resolver el conflicto en contra del acusado,

toda vez que la evidencia creída por la corte es suficiente para demostrar que la cerveza fué vendida y consumida en el "bar", sin que el establecimiento prestara servicio alguno a los consumidores.

No erró la corte inferior al declarar al acusado culpable. Empero, tomando en consideración las circunstancias especiales del caso, opinamos que la sentencia de dos meses de prisión es excesiva y debe ser modificada en el sentido de condenar al acusado al pago de una multa de $50 o en su defecto a un día de cárcel por cada dólar que deje de satisfacer.

Por las razones expuestas, *se confirma la sentencia recurrida dictada por la Corte de Distrito de Bayamón en el caso criminal núm. 7522 de dicha corte.*

*La sentencia dictada en el caso criminal núm. 7523 de la misma corte, de fecha 23 de agosto de 1946, modificada en el sentido indicado, será confirmada.*