*Se confirmará la sentencia apelada.*

EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO TORRES, acusado y apelante.

Núm. 12473.—*Sometido:* Noviembre 3, 1947. *Resuelto:* Noviembre 24, 1947.

*Francisco González, Jr.,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

En la denuncia radicada en la Corte Municipal de San Lorenzo se acusó a "Sellés y Pablos": Juan A. Sellés, Manuel Pablos y Antonio Torres, de una infracción a la Ley núm. 31 de 1943 (pág. 83), porque el 12 de agosto de 1946 y en el establecimiento de Sellés y Pablos, en San Lorenzo, dichos acusados vendieron tres cuartos de libra de bacalao a Aniceto Lozado Rosa por la cantidad de veintidós centavos, o sea a razón de treinta centavos la libra, el cual excede el precio de veintitrés centavos la libra de bacalao establecido por el Reglamento 183 expedido por el Administrador de Precios. En dicha corte se absolvió a Manuel Pablos y se condenó a Sellés y a Torres, quienes apelaron para ante la Corte de Distrito de Humacao y celebrado el juicio de nuevo dicha corte absolvió a Sellés y condenó a Torres a sufrir un mes de cárcel y a pagar una multa de $200. En el presente recurso el apelante señala cuatro errores, los cuales resolveremos en el mismo orden en que han sido alegados.

■ Sostiene el apelante que la corte inferior cometió error al declarar sin lugar la excepción perentoria de falta de hechos constitutivos de delito interpuesta contra la denuncia. Arguye que como la denuncia se formuló contra "Sellés y Pablos", Juan A. Sellés, Manuel Pablos y Antonio Torres, sin que se especificara "qué es ni quién es 'Sellés y Pablos' aunque se dice que los hechos ocurrieron en el establecimiento de Sellés y Pablos," la denuncia no aduce hechos suficientes, ya que si dicha firma era una sociedad debió especificarse que los demás acusados eran socios gestores, empleados o agentes de la misma pues de lo contrario no podía seguirse el proceso contra los acusados individualmente. Cita el apelante los casos de *Pueblo* v. *Cacho,* 46 D.P.R. 199 y *Pueblo* v. *Barquet,* 19 D.P.R. 792 en apoyo de su contención.

No tiene razón, a nuestro juicio,. el apelante. Precisamente en el caso de *Pueblo* v. *Barquet,* supra, resolvimos que "En cuanto a los apelantes, como éstos eran los acusados y no la sociedad mercantil Barquet Hermanos, aquéllos como presuntos culpables estaban sujetos a la jurisdicción de dicha corte de distrito." Y en el de *Pueblo* v. *Cacho,* supra, resolvimos que el uso por una persona de un nombre social para sus negocios, no es prueba concluyente de que tal sociedad exista.

En el caso de autos, en la denuncia no se hace alegación alguna contra "Sellés y Pablos" como sociedad y más bien resulta una redundancia (*surplusage*) haber incluído dicho nombre, ya que a quien se denuncia individualmente es a los acusados Sellés, Pablos y Torres de haber realizado los hechos especificados en un establecimiento que tiene el nombre de "Sellés y Pablos", o sea, aparentemente, el nombre comercial con que los acusados hacen negocios en San Lorenzo. Bajo estas circunstancias. no era necesario alegar que el apelante era socio ni la vinculación que tenía con dicha firma.(¹) No se cometió el primer error señalado.

■■ Como segundo alega el apelante que la corte inferior erró al declarar sin lugar la excepción de falta de jurisdicción por ser la Ley núm. 31 de 1943 inconstitucional.

Admite el apelante que muchos de sus argumentos fueron ya resueltos en su contra en el caso de *Irizarry* v. *Corte,* 64 D.P.R. 94, pero alega que existe uno que no ha sido resuelto por este Tribunal, o sea, que la Ley núm. 31 de 1943 es anticonstitucional por cuanto en su título no se expresan todos los asuntos comprendidos en la ley. Para sostener este señalamiento el apelante en su alegato se limita a copiar el título de la Ley núm. 31 de 1943 y a decir que "Una simple lectura del título de esta Ley a la luz de lo dispuesto en el artículo 34 del Acta Orgánica y a la luz de la Jurisprudencia de este Hon. Tribunal en. el caso de *Rodríguez* v. *Corte,* 60

---

(¹)En el juicio se probó que era un dependiente de la tienda.

D.P.R. 919, nos parece suficiente para sostener el error apuntado."

El apelante no ha discutido, como era su deber,(²) este señalamiento. Decir, sin más argumentación, que el título de una ley está en conflicto con la Carta Orgánica y con nuestra jurisprudencia, es una mera conclusión. Esto no obstante, hemos examinado de nuevo las disposiciones contenidas en dicha ley y nada encontramos en ella que pueda considerarse incongruente con el título—como sucedió en el caso de *Rodríguez* v. *Corte,* supra—o que no sean germanas con los propósitos expuestos en el título de la misma.

El tercer error señalado es al efecto de que la sentencia no está sostenida por la prueba. Ésta fué contradictoria y la de cargo, creída por la corte, suficiente para establecer el hecho imputado. No se alega que la corte inferior actuó movida por pasión, prejuicio o parcialidad en la apreciación de la prueba y, por tanto, no debemos variar la conclusión a que llegó. *Pueblo* v. *Cardona,* 63 D.P.R. 279 y *Pueblo* v. *Santiago,* 64 D.P.R. 586.

Por último, sostiene el apelante que la pena impuéstale de un mes de cárcel y $200 de multa es excesiva, y cita el caso de *Pueblo* v. *Ramos,* 67 D.P.R. 71.

En dicho caso hicimos constar que tomando en consideración las circunstancias especiales envueltas, la pena de dos meses de prisión era excesiva y la modificamos por multa de $50. El de autos no presenta tales circunstancias especiales que justifiquen la modificación solicitada. Por el contrario, se trata de la venta de un artículo de primera necesidad para el pueblo, a un precio mayor del fijado por la Oficina de Administración de Precios, y no creemos que la corte abusara de su discreción al fijar la pena.

*Debe confirmarse la sentencia apelada.*

---

(²)Regla 11 de nuestro Reglamento.