EL PUEBLO, APELADO, *v.* ALONSO ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 482.—Resuelto en abril 30, 1913.

TUMULTO—ELEMENTOS DEL DELITO—ACUERDO PREVIO ENTRE LOS ACUSADOS.—
Existe el delito de tumulto cuando dos o más personas reunidas y actuando juntas intentaren o hicieren ademán de cometer un acto que de realizarse tendría el carácter de motín, no siendo necesario probar ningún acuerdo previo entre los acusados, y bastando el que dos o más personas estén reunidas y actúen con el mismo propósito de perturbar la paz pública.

Los hechos están expresados en la opinión.
Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*
Abogado de los apelantes: *Sr. Herminio Díaz Navarro.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal

Los cinco apelantes fueron acusados ante la Corte de Distrito de Arecibo por el delito de tumulto, definido en el artículo 361 del Código Penal y declarados culpables del mismo, imponiéndoles a uno de ellos la pena de un año de cárcel, de ocho meses a otro y de seis meses a cada uno de los demás, contra cuya sentencia han establecido el presente recurso de apelación.

El abogado de los apelantes no presentó alegato de errores, pero en la vista del caso alegó oralmente que no se había probado el delito imputado y que aunque así fuera, las penas eran excesivas, por lo que solicitaba de esta corte que si consideraba probada la culpabilidad, sustituyera las penas de cárcel por la de multa.

No se ha hecho objeción alguna a la acusación, que es suficiente, y por tanto, pasaremos a considerar las cuestiones propuestas por el abogado de los apelantes.

Para resolver la primera, esto es, la insuficiencia de la evidencia para sostener una sentencia condenatoria, hemos de examinar la que se aportó al juicio y que está contenida en un pliego de exposición del caso aprobado por el juez de la corte inferior.

Del conjunto de la evidencia resulta que en la tarde del 23 de junio del año próximo pasado, y por motivos que de la misma no aparecen, temeroso el Juez Municipal de Utuado de que el Alcalde Don Adrián Cueto fuera acometido, se presentó en su oficina para acompañarle de ella hasta su casa vivienda y cuando ambos cruzaban con ese objeto la plaza del pueblo y bajaban unos escalones de la misma, se les acercó el acusado Pedro Alonso profiriendo palabras insultantes y amenazadoras contra Cueto e invitaba a un gran número de personas que había por aquel sitio a que acometieran y mataran a dicho Cueto, siendo secundado en esa actitud y amenazas por los otros acusados y tratando de poner manos sobre el alcalde. Sin embargo, no fué éste agredido y todo quedó reducido a insultos y amenazas.

Nuestro estatuto define el delito de tumulto diciendo que

existe cuando dos o más personas reunidas y actuando juntas intentaren o hicieren además de cometer un acto, que de realizarse, tendría el carácter de motín; constituyendo este último delito todo empleo de fuerza o de violencia que perturbe la tranquilidad pública o la amenaza de emplear tal fuerza o violencia, acompañada de la actitud para realizarla en el acto, por parte de dos o más personas, obrando juntas y sin autoridad de ley.

En esta clase de delitos no es necesario probar ningún acuerdo previo entre los acusados, siendo suficiente si dos o más personas están reunidas y aparece que actúan con el mismo propósito de perturbar la paz pública.

La evidencia es suficiente para sostener la declaración de culpabilidad, pues aparecen probados todos los elementos constitutivos del delito, ya que los acusados estaban reunidos, actuaron en idéntica forma y con el mismo propósito y perturbaron la paz pública intentando emplear fuerza y violencia, hallándose además en actitud de realizarla.

La segunda petición de los recurrentes está dirigida a la discreción del tribunal, ya que no se alega la ilegalidad de las penas impuestas por la corte sentenciadora, sino que se solicita que se cambie la prisión por multa.

Muy pocas veces hemos alterado las penas impuestas por las cortes inferiores, y toda vez que no vemos razón para modificar la señalada en este caso, ni se nos ha demostrado que exista alguna, debemos confirmar la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.