EL PUEBLO, DEMANDANTE Y APELADO, *v.* RÍOS ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción al artículo 359 del Código Penal.

No. 2017.—Resuelto en febrero 23, 1923.

MOTÍN—DENUNCIA SUFICIENTE—CAUSA DE ACCIÓN.—Imputa suficientemente el delito de motín una denuncia en la cual se alega que los acusados voluntaria y maliciosamente, obrando juntos y sin autoridad legal, emplearon fuerza y violencia, unos disparando tiros y otros lanzando piedras y haciendo uso de los puños en momentos que un policía procedía al arresto de uno de los acusados, perturbando de este modo la paz y tranquilidad públicas. No hace insuficiente la denuncia el hecho de no alegarse en ella que los actos de fuerza o violencia se realizaran contra determinada persona o propiedad.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. García Veve.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

La corte inferior declaró culpables a los acusados de una infracción al artículo 359 del Código Penal y no conformes con la sentencia presentaron el presente recurso.

Sostienen los apelantes como único motivo de error de que aceptando los hechos tal como aparecen de la denuncia, éstos no constituyen delito público.

La denuncia en sus términos, dice:

"Los acusados de referencia, Ignacio Ríos, Justino Ríos, Alejo Maldonado, (a) Alejito, Eusebio Cruz y Domingo Rodríguez, allí y entonces, voluntaria y maliciosamente, infringieron el artículo 359 del Código Penal, por cuanto dichos acusados, obrando juntos y sin autoridad de ley, emplearon fuerza y violencia en la siguiente forma: Ignacio Ríos disparó tiros con un revólver; Justino Ríos, hizo uso de los puños y piedras; Alejo Maldonado, (a) Alejito, hizo uso también de piedras al igual que el Eusebio Cruz y Domingo Rodríguez hizo uso de palo y piedras, acto éste que realizaron todos y cada uno de los acusados en los momentos en que el policía insular Ramón Rosario, No. 504, procedía al arresto del susodicho Justino Ríos por el delito de contra la justicia pública, perturbando dichos acusados de este modo la paz y tranquilidad públicas."

El reparo que oponen los apelantes a la denuncia es que no se imputa en la misma un delito de motín en la forma que define el artículo 359 del Código Penal citado, porque si bien se les acusa de que obraron juntos y sin autoridad legal empleando fuerza y violencia, no se especifica en la denuncia contra quién iba empleada o dirigida dicha fuerza o violencia, por ser indispensable ese requisito en los casos de motín.

El artículo 359, supra, textualmente, dice:

"Art. 359.—Todo empleo de fuerza o violencia, que perturbare la tranquilidad pública, o amenaza de emplear tal fuerza o violencia, acompañada de la aptitud para realizarla en el acto, por parte de dos o más individuos, obrando juntos y sin autoridad de ley, constituye un motín."

La denuncia en la forma que está redactada comprende todos los requisitos que define el artículo arriba transcrito. Se alega en la denuncia que los acusados, más de dos en número, voluntaria y maliciosamente, obrando juntos y sin autoridad legal, emplearon fuerza y violencia, unos disparando tiros y otros lanzando piedras y haciendo uso de los puños en momentos que un policía procedía al arresto de uno de los acusados, perturbando de este modo la paz y tranquilidad públicas.

No se desprende del estatuto ni puede verse de las autoridades que sea requisito indispensable, como alegan los apelantes, que los actos de fuerza o violencia tengan que emplearse contra determinada persona o propiedad. Estos actos pudieron causar daño a personas determinadas o propiedades, pero esto no califica el delito de motín en esa parte del estatuto, sino que si bien son indispensables que actos físicos de fuerza o violencia se realicen por los acusados, dichos actos necesariamente han de producir el efecto de perturbar la tranquilidad pública que es esencialmente lo que integra el delito de motín.

"La acusación debe alegar una reunión ilegal como principio del motín; y actos ilegales, por ejemplo, alteración de la paz, *terror*, etc., como consecuencia de ello.

"No es necesario que se alegue ningún otro fin ilegal que no sea el de alterar la paz; ni si se alegase una alteración de la paz acompañada de violencia y terror producida por ella, ningunas palabras particulares son necesarias." III *Wharton's Criminal Law*, p. 2057.

De manera que lo que aparece alegado en la denuncia, siguiendo lo que se entiende por motín, es una alteración de la paz acompañada de actos de fuerza y violencia, y el hecho de tirar piedras o disparar tiros o hacer uso de los puños en la forma y momentos que se exponen en la denuncia, son hechos suficientes para constituir el delito que define el artículo 359 del Código Penal. Además, un sólo acto de los

descritos en la denuncia y realizado por un acusado afecta en igual grado la responsabilidad de los demás acusados, porque los actos de uno en el delito de motín son los actos de todos.

La sentencia debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.