EL PUEBLO, DEMANDANTE Y APELADO, *v.* ROMÁN, ACUSADO Y APELANTE.

No. 2259.—*Visto:* Abril 25, 1924. *Resuelto:* Julio 29, 1924.

PROHIBICIÓN—BEBIDA EMBRIAGANTE—PRUEBA.—La declaración de un testigo en el presente caso de que por el olor supo que las botellas contenían ron y que era bastante fuerte, es suficiente para llegar a la conclusión de que contenían *más de la mitad del uno por ciento de alcohol por volumen* y que por tanto era una bebida embriagante.

SENTENCIA de *E. Lloreda,* J. (Arecibo), condenando al acusado por infracción a la ley de prohibición nacional. *Confirmada.*

*E. Martínez Avilés,* abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué denunciado y condenado por infracción de la Ley de Prohibición Nacional por transportar en un saco sobre su persona cuatro envases de cristal conteniendo

ron, bebida embriagante con más del medio por ciento de alcohol, y aunque en esta apelación sostiene que no transportaba las botellas de ron a que se refiere la denuncia sino que las conducía otra persona, sin embargo hubo testigos que declararon que era el denunciado quien las trasportaba, por lo que no podemos declarar que la corte inferior cometió error en la apreciación de la prueba al dar crédito a dichos testigos.

La otra cuestión tratada por el apelante en su alegato es que la prueba es insuficiente para sostener que dichas botellas contenían licor embriagante. El único testigo que declaró sobre ese particular fué el policía que hizo la denuncia quien manifestó "que eran cuatro botellas y que estaban llenas de ron; que sabe que es ron y que contiene alcohol porque lo ha visto muchas veces y por el olor; que no lo probó, que lo olió nada más; que el olor era bastante fuerte."

Creemos que esa prueba es suficiente porque el ron es una destilación del jugo de la caña de azúcar que produce alcohol y su mayor o menor fuerza puede ser conocida generalmente por el olfato, por lo que la declaración del testigo de que por el olor supo que las botellas contenían ron y que era bastante fuerte es suficiente para llegar a la conclusión de que contenían más de la mitad del uno por ciento de alcohol por volumen y que por tanto era una bebida embriagante.

La sección 3ª título 2º de la Ley de Prohibición Nacional dispone que dicha ley sea liberalmente interpretada con el fin de que el uso del licor embriagante como bebida quede prohibido. En el caso de *People* v. *Casellas*, 209 Pac. 40, se declaró que cierta evidencia de que un vino tiene un sabor fuerte es suficiente para demostrar que contiene más del uno por ciento de alcohol y en el caso de *Strada* v. *U. S.*, 281 Fed. 143 se sostuvo con referencia al *whisky* que no se necesita un perito científico para identificar un bien conocido artículo de manufactura y comercio de uso común.

*La sentencia apelada debe ser confirmada.*