El Pueblo de Puerto Rico, demandante y apelado, *v.*
Carlos Pacheco (*a*) Carlos Ponce, acusado y apelante.

No. 5642.—*Sometido:* Mayo 28, 1935. *Resuelto:* Junio 7, 1935.

*M. Rodríguez Ramos,* abogado del apelante; *R. A. Gómez, Fiscal* y
*Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La denuncia que tenemos a la vista imputó al apelante y a otros el delito de motín. Éste es el recurso de apelación interpuesto por Carlos Pacheco. La prueba tendió a demostrar que en 27 de diciembre de 1933 había una huelga sobre el precio de la gasolina en Carolina; que se admitió que el acusado Carlos Pacheco era el jefe o director del movimiento; que el testigo principal Arroyo, policía insular, trataba de quitar una tachuela del neumático de un automóvil cuando se presentaron el acusado y otras personas. La corte tenía derecho a creer del testimonio prestado por el policía Arroyo y otro testigo, que al referido policía le agarró por detrás Carlos Pacheco; que los huelguistas, allí y entonces, despojaron al policía de la macana y el revólver.

La teoría del acusado fué que sólo intervino para ayu-

dar al policía a poner fin a las actuaciones de los huelguistas, y que no participó directamente en el ataque contra el policía. La declaración del acusado estuvo sostenida por otra prueba. Esto produjo un conflicto en la prueba que la corte estaba obligada a resolver, y no podemos decir en apelación que ella no tenía derecho a creer fuera de duda razonable que el acusado tomó parte, coadyuvó e intervino en el supuesto motín.

No importa que los autos demuestren que la corte dictó sentencia inmediatamente sin emitir una opinión. *Non constat* que el juez expusiera sus razones verbalmente. El que lo hiciera o no, no podría afectar ante este Tribunal el resultado de sus conclusiones.

En el alegato del apelante se discute algo respecto a si la paz de alguien fué alterada. Toda la prueba demostró que un grupo de hombres trató de impedir que un policía cumpliera con sus deberes, y nos sentimos constreñidos a resolver que esto constituyó un motín. Esta conclusión está sostenida por los casos de *El Pueblo* v. *Ortiz,* 17 D.P.R. 1196; *El Pueblo* v. *Ríos,* 31 D.P.R. 528; *El Pueblo* v. *Alonso et al.,* 19 D.P.R. 448.

Podemos agregar que el apelante no estaba equivocado al sostener que hubo discrepancias entre la declaración del testigo principal y la de otros, pero tal estado de hechos está llamado a ocurrir casi en todos los juicios e incumbe al jurado o a la corte inferior resolver tales conflictos.

*La sentencia apelada debe ser confirmada.*

EN MOCION DE RECONSIDERACION

Junio 26, 1935

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

■ El proceder del apelante en este caso quizá podría considerarse como "tumultuoso", conforme se usa esta palabra en el artículo 368 del Código Penal, y, por consiguiente, es una alteración de la paz dentro de la definición estatutaria de motín, que es como sigue:

"Artículo 359,—Todo empleo de fuerza o violencia, que perturbare la tranquilidad pública, o amenaza de emplear tal fuerza o violencia, acompañada de la aptitud para realizarla en el acto, por parte de dos o más individuos, obrando juntos y sin autoridad de ley, constituye un motín."

■ Sin embargo, las palabras "que perturbare la tranquilidad pública", usadas para definir un delito, no implican necesariamente ninguno de los artículos definidos en el Título XV del Código Penal. El asesinato es un delito contra la paz pública, no importa cuán quietamente pueda haberse cometido. Otros delitos graves o menos graves, como por ejemplo conspiración, también son delitos contra la paz pública. No podemos dar a las palabras usadas en el artículo 359 del Código Penal ninguna significación especial que no sea la de una alteración de la paz y tranquilidad de un vecindario. Véanse *Weakley* v. *State,* 273 S. W. 374, 377; *Miles* v. *State of Oklahoma,* 236 Pac. 57; 44 A.L.R. 129; 48 C. J. 774; 8 R.C.L. 284, *et seq.;* 31 C. J. 613.

■ El que una sola persona le quite las armas a un policía y le impida que cumpla con sus deberes, aunque sea una agresión, también altera la paz de este funcionario.

*Debe declararse sin lugar la moción de reconsideración.*