EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CECILIO SÁNCHEZ, acusado y apelante. EL MISMO *v.* EL MISMO.

Núms. 6190 y 6191.—*Sometidos:* Diciembre 2, 1936.
*Resueltos:* Diciembre 15, 1936.

R. *Díaz Cintrón,* abogado del apelante; R. *A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Cecilio Sánchez fué convicto en la Corte de Distrito de San Juan de alterar la paz y de portar un arma prohibida. Los casos fueron vistos conjuntamente ante este Tribunal y en la corte inferior.

El testimonio de dos policías y de una tercera persona tendió a demostrar que en la calle principal del pueblo de Loíza tuvo lugar una riña y que Cecilio Sánchez disparó al aire un revólver, lo que produjo una alteración de la paz y atrajo mucha gente. Luego de ocurrido el suceso principal hubo prueba que tendía a demostrar que el acusado cogió el revólver y lo lanzó al balcón de la casa del Sr. Albandoz. Éste lo recogió y lo entregó a un policía. El policía y Albandoz declararon.

El apelante sostiene que el revólver no fué suficientemente identificado. En realidad dada la prueba aducida en el caso, no había necesidad de identificarlo. Si se daba crédito a los testigos no había duda alguna de que Cecilio Sánchez disparó al aire un arma en la calle principal de Loíza, y por ende la presentación del revólver, aunque con frecuencia es importante, no era absolutamente necesaria. Asumiendo sin embargo que lo era, cuando se alega que un hombre ha hecho uso de un arma y que poco después ha lanzado un revólver en el balcón de una casa, la conclusión es prácticamente inevitable de que el revólver fué el mismo utilizado por él para disparar al aire.

El caso de *El Pueblo* v. *Cartagena,* 27 D.P.R. 281, no sostiene nada en contrario. Naturalmente si no se halla el arma la prueba de que se ha hecho uso de la misma debe ser fuerte.

En este caso hubo una serie de prueba, tanto directa como circunstancial, que en forma alguna dejaba duda en la mente del juzgador, de que el arma hallada fué la misma que se utilizó al tiempo en que tuvo lugar la riña o inmediatamente después.

■■ El apelante también alega algo respecto a que los dos delitos se han fundido en uno. Estamos enteramente de acuerdo con el fiscal en que alterar la paz y portar un arma prohibida son delitos distintos y no puede surgir confusión alguna. En realidad el revólver era portado antes de ocurrir la alteración de la paz. También se hizo alguna referencia al efecto de que hemos decidido en algunos casos que era el uso ilegal más bien que la portación del arma lo que constituía el delito. Sea esto como fuere, para determinados casos la portación de un revólver constituye de por sí un delito, a menos que caiga dentro de alguna de las excepciones claramente permitidas por la ley, de las cuales este caso no lo es.

*La sentencia apelada en cada uno de los casos de epígrafe debe ser confirmada.*

El Juez Presidente Señor del Toro no intervino.