EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN CARO BRIGNONI, acusado y apelante.

Núm. 6322.—*Sometido:* Diciembre 11, 1936. *Resuelto:* Diciembre 15, 1936.

*José Veray, Jr.,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Éste era un caso en que el acusado trató de sacar un revólver, más no disparó. La tentativa tuvo lugar mientras se desarrollaba una lucha electoral y el uso del arma causó o contribuyó a causar una alteración de la paz. En verdad, la prueba tendió a demostrar que el apelante alteraba la paz

antes de tratar de sacar el arma. Se le pidió que se fuera y en vez de hacerlo, se entregó a un altercado con uno de los testigos principales. Trató de darle una bofetada, se echó un poco hacia atrás y empezó a sacar un revólver.

Aunque podría ser que ninguno de los testigos oculares realmente viera toda el arma, un número de ellos vió el cabo de la misma en una baqueta, y uno por lo menos, aunque no vió otra cosa que el cabo, estaba enteramente seguro de que la baqueta contenía un arma.

El revólver desapareció y se sugirió que parientes o amigos del acusado se lo habían llevado. La corte escribió una opinión en este caso, en la que dice que cuando no se halla el arma, el juzgador tiene que estar razonablemente seguro de los hechos, o palabras a ese efecto. Podría ser que la corte expresara alguna otra duda. Sin embargo, el juez, después de analizar la prueba, quedó plenamente convencido de que el acusado era culpable y no vemos razón alguna para dudar de la conclusión a que finalmente llegó. El caso de *Pueblo* v. *Cartagena*, 37 D.P.R. 281, al igual que en el caso de *Pueblo* v. *Sánchez* que acabamos de resolver (ante, pág. 722), no es de aplicación.

*Aquí se·trataba de una acusación tanto por alterar la paz como por portar un arma prohibida, y ambas sentencias deben ser confirmadas.*

El Juez Presidente Señor del Toro no intervino.