EL PUEBLO DE PUERTO RICO, demandante y apelado, v. CÉSAR EMILIO GARCÉS DORREGO, acusado y apelante.

Número 15773.

*Sometido:* 2 de febrero de 1955. *Resuelto:* 29 de marzo de 1955.

*Santos P. Amadeo, Charles H. Juliá* y *Esteban Susoni Lens,* abogados del apelante; *Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *Rafael L. Ydrach Yordán, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Ante el antiguo Tribunal de Distrito de Puerto Rico, Sec-

ción de Arecibo, el fiscal formuló contra César Emilio Garcés Dorrego sendas acusaciones por los delitos de ataque para cometer asesinato y portar armas.(¹)   Ambas acusaciones fueron vistas conjuntamente, la primera ante jurado, el cual absolvió al acusado, y la de portar armas por tribunal de derecho, el que le declaró culpable y le sentenció a sufrir una pena de tres meses de cárcel y a pagar las costas.(²)   De esa sentencia condenatoria el acusado apeló.   En su alegato imputa al tribunal sentenciador haber errado " (1) al no permitir, para fines de impugnación, que el abogado del acusado le preguntara al testigo Antonio Acevedo Andújar si él había firmado alguna declaración ante el fiscal;   (2) al no permitir, para los fines de impugnar los testigos de El Pueblo, preguntarle al fiscal Honorato Pandolfi de Rinaldis si tanto la acusación radicada el día 19 de diciembre de 1950, como la radicada el 12 de junio de 1951 se prepararon a base de la información que le dieron al fiscal los testigos que él examinó; (3) al no admitir en evidencia la acusación radicada por el fiscal el día 19 de diciembre de 1950 y la cual fué archivada para radicarse una nueva acusación;   (4) haber actuado con pasión y prejuicio al apreciar la prueba y declarar culpable al acusado;   y (5) al declarar sin lugar la excepción perentoria por él presentada contra la acusación, al efecto de que ésta no exponía claramente los hechos constitutivos del delito imputado y de que la acusación imputaba más de un delito."

■■ La primera contención del apelante es, como se ha visto, que el tribunal sentenciador erró al no permitir que su abogado preguntara al testigo Acevedo Andújar si le había firmado alguna declaración al fiscal.   Entiende el apelante

_____

(¹) La acusáción por el delito de portar armas se fundó en el artículo primero de la antigua Ley núm 14 de 25 de junio de 1924 (página 115), según fué enmendada por la núm. 47 de 29 de septiembre de 1949 (Sec. extr., pág. 105).

(²) El hecho de que ambos casos se vieran conjuntamente y de que el jurado absolviera al acusado por el delito de ataque para cometer asesinato, no significaba que el juez viniera obligado a absolverle también en el caso de portar armas. *Pueblo* v. *Pacheco*, 59 D.P.R. 503.

que se perjudicaron sus derechos por la negativa del tribunal a permitir la pregunta, ya que de contestar dicho testigo en la afirmativa él hubiera tenido derecho a obtener del fiscal la referida declaración para impugnar la credibilidad de aquél. Al insistir en la pertinencia de la pregunta cita el acusado el caso de *Pueblo* v. *Escobar*, 55 D.P.R. 505, en el cual dijimos a la pág. 517:

"El juez estuvo enteramente correcto al decir que no había nada ante la corte que demostrase que el testigo había declarado ante el fiscal. Si el testigo en realidad había prestado declaración ante el fiscal, y si ésta constaba por escrito, nada impedía que el abogado estableciera ese hecho por otros medios que no fuera la repregunta. Más tarde en la misma repregunta Conesa admitió haber hablado con el fiscal pero el letrado no le preguntó si su declaración había sido *escrita,* ni repitió su petición para que se presentara cualquier declaración jurada que se hubiese prestado. *Pueden o no surgir casos en que la negativa del fiscal a presentar declaraciones juradas prestadas ante él, o la negativa del juez de distrito a ordenar tal presentación sería suficiente fundamento para la revocación. Éste no es uno de esos casos."* (Bastardillas nuestras.)

Si bien es cierto que el testigo Acevedo Andújar admitió haber declarado ante el fiscal, sin embargo en la transcripción de la evidencia no hay indicio alguno del cual pueda inferirse la menor contradicción entre esa declaración y la prestada por él durante el juicio. *Cf. Pueblo* v. *Beltrán*, 18 D.P.R. 944. Desde luego, el hecho de que Acevedo Andújar apareciera como uno de los testigos de cargo en una acusación anterior (por el delito de ataque para cometer asesinato), que contenía alegaciones inconsistentes con lo declarado por él durante el juicio, no podía constituir base para inferir tal contradicción. El solo hecho de haber admitido el testigo haber declarado previamente ante el fiscal no daba derecho a la defensa a requerir de dicho funcionario la entrega de semejante declaración, ya que no se sentaron las bases para la procedencia de lo interesado, según lo requiere nuestra jurisprudencia.

*Pueblo* v. *Coto*, 48 D. P. R. 147 y *Pueblo* v. *Ramírez*, 41 D.P.R. 747. ([3]) En este último caso dijimos que:

"El cuarto señalamiento de error se refiere a la negativa de la corte a permitir que se leyera la declaración prestada ante el fiscal por María Lassalle, mientras ese funcionario investigaba los hechos constitutivos del supuesto delito. *A María Lassalle no se le preguntó en la silla testifical si ella había hecho alguna manifestación inconsistente con la declaración por ella prestada durante el juicio. No se sentó en forma alguna la base para la supuesta contradicción, aun en el supuesto de que el fiscal estuviera obligado a producir su copia escrita de las manifestaciones de la testigo.*" (Bastardillas nuestras.)

El primer error señalado no fué, por tanto, cometido. ([4])

El día 19 de diciembre de 1950, o sea, el mismo día en que se presentó la acusación en el caso de portar armas, el fiscal Pandolfi de Rinaldis radicó otra acusación contra el apelante por el delito de ataque para cometer asesinato. Esta última acusación fué archivada por el tribunal a instancias del propio fiscal, quien en 12 de junio de 1951 instó otra acusación contra el acusado por el mismo delito de ataque para cometer asesinato. El juicio por esta segunda acusación y el del delito de portar armas, como hemos indicado, se vieron conjuntamente. No incurrió en error el tribunal sentenciador al no permitir a la defensa preguntar a dicho fiscal si tanto la acusación de 19 de diciembre de 1950 como la de 12 de junio de 1951 (ambas se refieren al caso de ataque para

---

([3]) En el caso de autos es innecesario determinar si un fiscal puede ser obligado a entregar a la defensa una declaración escrita que está en su poder, prestada ante él por un testigo en su investigación preliminar de la causa. Véanse, sin embargo, *Castro* v. *González*, 58 D.P.R. 368, 376; *Pueblo* v. *Escobar*, 55 D.P.R. 505, 518; *Pueblo* v. *Coto*, 48 D.P.R. 147, 151; *Gordon* v. *United States*, 344 U.S. 414, 418; *Arnstein* v. *United States*, 296 Fed. 946; 156 A.L.R. 345, 351, 52 A.L.R. 207; 27 Cal. Jur., pág. 157, sec. 130.

([4]) En *Gordon* v. *United States*, supra, el Tribunal Supremo de la nación concluyó que existían ciertas declaraciones anteriores, que las mismas estaban en poder del gobierno y que había discrepancia entre esas declaraciones y lo declarado por el testigo en el juicio. En vista de ello concluyó que el tribunal inferior debió haber desestimado las objeciones del gobierno y ordenado la entrega de dichas declaraciones. Aquí, sin embargo, la situación es distinta.

cometer asesinato) se presentaron a base de la información que le dieron los testigos por él examinados.(⁵) La pregunta aparentemente iba dirigida a establecer que la primera acusación por ese delito fué radicada a base del testimonio que presentaron ante el fiscal los testigos de cargo. El propósito del acusado era demostrar inconsistencias entre lo alegado en ella y lo declarado por dichos testigos en el juicio. En esta forma pretendía la defensa impugnar la credibilidad de los testigos. La pregunta era impertinente, pues aun cuando se hubiese establecido que la acusación original fué radicada tomando como base las declaraciones de dichos testigos, tal acusación no hubiese sido admisible para impugnar la credibilidad de éstos. La defensa pudo haber establecido que los testigos hicieron declaraciones contradictorias, mediante la presentación de dichas declaraciones escritas o en alguna otra forma, pero es evidente que no podía establecerlo mediante una acusación radicada y jurada por el fiscal en la preparación de la cual no intervinieron los testigos. Véase 27 Cal. Jur. 157, sec. 130. Desde luego, cuando después de radicada una acusación el ministerio público se da cuenta de que existe algún defecto sustancial en ella, puede y debe solicitar de la corte permiso para enmendarla. *Pueblo* v. *Muñoz*, 57 D.P.R. 218.

Dadas las anteriores consideraciones, no creemos que el tribunal errara al no admitir en evidencia la primera acusación en el caso de ataque para cometer asesinato.

■■ Según jurisprudencia constante de este Tribunal, la presentación del arma en evidencia no es indispensable en casos de esta naturaleza, si existen otros elementos o circunstancias que demuestran que el acusado la portaba. *Pueblo* v. *Guzmán*, 52 D.P.R. 458; *Pueblo* v. *Carrillo*, 51 D.P.R. 365; *Pueblo* v. *Sánchez*, 50 D.P.R. 722; *Pueblo* v. *Nieves*, 35 D.P.R. 53. Desde luego, cuando el arma no es ocupada y la misma, por ende, no es presentada en evidencia, la prueba debe ser clara y convincente. *Pueblo* v. *Rupizá*, 72 D.P.R. 744; *Pueblo* v. *Guzmán*, supra; *Pueblo* v. *Cartagena*, 37 D.P.R. 281.

(⁵) Véase el art. 3 del Código de Enjuiciamiento Criminal.

■■ La prueba del fiscal tendió a demostrar que con motivo de la revuelta Nacionalista de 1950, en la mañana del 31 de octubre de 1950 una compañía de soldados de la Guardia Nacional se trasladó a la ciudad de Arecibo, estacionando sus vehículos frente a la plaza de recreo; que los soldados recibieron órdenes de ocupar posiciones y de hacer una descarga al aire, la que hicieron; que varios testigos vieron al acusado en un callejón cerca de allí, con una bolsa de papel en las manos, teniendo dentro de ella un objeto cuyo cañón cilíndrico salía en parte fuera de la bolsa; que con ese objeto el acusado hizo varios disparos, cuyas detonaciones oyeron; que el soldado Rafael Santos Tirado resultó herido en una pierna; y que aunque el acusado no fué arrestado inmediatamente después de los disparos, fué identificado más tarde por los testigos que lo vieron disparar. Con esa prueba el tribunal muy bien pudo concluir, como concluyó, que el objeto que el acusado tenía dentro de la bolsa de papel era una de las armas de fuego prohibidas por la ley. La apreciación de la prueba descansa enteramente en la sana discreción del tribunal y esa apreciación no será alterada por nosotros a no ser que se nos demuestre que se incurrió por el tribunal en manifiesto error, prejuicio o parcialidad. *Pueblo* v. *Bastián*, 71 D.P.R. 843; *Pueblo* v. *Arteaga*, 70 D.P.R. 668; *Pueblo* v. *Lugo*, 70 D.P.R. 592; *Pueblo* v. *Piñero*, 68 D.P.R. 609; *Pueblo* v. *Rivera*, 58 D.P.R. 181; *Pueblo* v. *Pacheco*, 48 D.P.R. 602. La cuidadosa lectura que hemos hecho de la transcripción de evidencia deja de convencernos de que en sus actuaciones y al apreciar la prueba el tribunal sentenciador no se ajustara a derecho. Véanse *Pueblo* v. *Brene*, 57 D.P.R. 141; *Pueblo* v. *Delerme*, 51 D.P.R. 519; *Pueblo* v. *Caro*, 50 D.P.R. 724; *Pueblo* v. *Calderón*, 46 D.P.R. 887. Una vez que el tribunal concluyó que el acusado portaba ilegalmente un arma de las prohibidas por el estatuto su deber era declararle culpable del delito imputádole. *Pueblo* v. *Blanco*, 68 D.P.R. 932; *Pueblo v. Sánchez*, supra.

■ No tiene razón el apelante al sostener que la acusación por portar armas imputaba dos delitos. En su parte pertinente la acusación alega que el apelante "portaba y conducía sobre su persona un arma de fuego, *revólver o pistola, que es un arma mortífera*, la que allí y entonces fué sacada, mostrada y usada por el mencionado acusado en la comisión de un delito de ataque para cometer asesinato." Es evidente que este lenguaje no puede ser interpretado en el sentido de imputar la comisión de dos delitos.

■ Tampoco tiene razón el apelante al sostener que la acusación era defectuosa, por hacer referencia a "un arma de fuego, revólver o pistola y que por ello él no podía determinar de qué era que se iba a defender." La contención es claramente frívola. Tanto el revólver como la pistola son armas de fuego con las cuales puede causarse daño corporal. Aunque corrientemente existe diferencia entre una y otra arma en la práctica sirven para el mismo objeto. *Pueblo* v. *Rupizá,* supra, pág. 747. No vemos cómo pudo perjudicarse al acusado por el hecho de no alegarse específicamente en la acusación si lo que el acusado portaba era un revólver o una pistola. Conforme a la ley, bastaba que se probara que él portaba o conducía cualquier arma o instrumento con el cual pueda causarse daño corporal. Véase el artículo primero de la Ley 14 de 25 de junio de 1924, pág. 115, según quedó enmendado por la Ley núm. 47 de 29 de septiembre de 1949 (ses. ext. pág. 105). Por tanto, tampoco cometió error el tribunal a quo al declarar sin lugar la excepción perentoria presentada por el acusado.

*Debe confirmarse la sentencia apelada.*