EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL AQUINO FIGUEROA, acusado y apelante.

Número 16036.

*Sometido:* 1 de marzo de 1956. *Resuelto:* 15 de marzo de 1956.

*F. Marchand González,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge y Rafael L. Ydrach Yordán y Ramón C. Ruiz Sánchez, Fiscal y Fiscal Auxiliar, respectivamente, del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del Tribunal.

El apelante fué acusado ante el Tribunal Superior de una infracción al art. 32(a) de la Ley núm. 17 del 19 de enero de 1951, conocida como la "Ley de Armas de Puerto

Rico." (¹)   Fué juzgado ante tribunal de derecho, declarado culpable y sentenciado a un mes de cárcel.   En apelación señala dos errores: (1) el tribunal sentenciador cometió error al apreciar la prueba y no concederle al acusado el beneficio de duda razonable; (2) toda vez que los hechos probados implican una infracción del art. 370 del Código Penal, ed. de 1937, y no del art. 32 (a) de la Ley de Armas, el tribunal sentenciador cometió error al no absolverlo.

◼ El primer error no fué cometido.   Es innecesario hacer un análisis detallado de la evidencia.   Basta decir que el testimonio presentado por el Pueblo demuestra que sin justificación alguna el acusado hizo varios disparos con un revólver mientras se encontraba en la acera de una calle en Añasco.   El tribunal sentenciador no dió crédito al testimonio de los testigos de defensa al efecto de que el revólver se disparó mientras el acusado y un tal Eytón Arroyo forcejeaban por la posesión del mismo.   No encontramos base en los autos para intervenir con la apreciación que de la evidencia hizo el tribunal a quo en este caso.

◼◼ En cuanto al segundo error, no podemos convenir en que los hechos demuestran una infracción del art. 370 del Código Penal más bien que del art. 32 (a) de la Ley de Armas.   El art. 370 declara delito menos grave el hacer uso de un arma mortífera "en alguna riña o pendencia." (²)

---

(¹) El art. 32 (a) provee como sigue: "Salvo en casos de defensa propia o de actuaciones en el desempeño de funciones oficiales, será culpable de delito menos grave (*misdemeanor*) toda persona que:

"(a) Voluntariamente dispare cualquier pistola, revólver u otra arma, de fuego, escopeta de aire, o cualquiera otra arma, o que arroje cualquier proyectil mortífero en un sitio público o en cualquier otro sitio donde haya alguna persona que pueda recibir daño, aunque no se cause daño a persona alguna..." Leyes de Puerto Rico, Quinta a Duodécima Sesiones Extraordinarias, 1950-51.

(²) El art. 370 del Código Penal, 33 L.P.R.A. sec. 1441, prescribe lo siguiente: "Toda persona que sin ser un caso de necesaria defensa propia, sacare o mostrare en presencia de dos o más personas, algún arma mortífera, en actitud violenta, colérica y amenazadora, o que de modo ilegal hiciere uso de dicha arma en alguna riña o pendencia, incurrirá en delito menos grave."

En este caso la prueba creída por el tribunal sentenciador fué que el acusado no estaba envuelto en ninguna riña o pendencia cuando hizo los disparos con el revólver. Por consiguiente, el tribunal a quo decidió correctamente que bajo dichas circunstancias los hechos constituían una infracción del art. 32 (a) de la Ley de Armas. [3]

*La sentencia del Tribunal Superior será confirmada.*

---

[3] El caso de *Pueblo* v. *Sánchez,* 50 D.P.R. 722, fué resuelto antes de la aprobación del art. 32(a). El punto que ahora consideramos no estaba envuelto en dicho caso, y ni su lenguaje ni su decisión tienen efecto alguno sobre el problema aquí envuelto. *Cf. Pueblo* v. *Cardona,* 63 D.P.R. 279.