EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR VARGAS ROSARIO c/p VICTORIANO VARGAS ROSARIO, acusado y apelante.

Número 16297.

*Sometido:* 8 de mayo de 1958. *Resuelto:* 19 de mayo de 1958.

Fernando Pérez Regis, Defensor Judicial, abogado del apelante; Hon. J. B. Fernández Badillo, Secretario de Justicia, Arturo Estrella, Secretario Auxiliar de Justicia, Alfredo Archilla Guenard y William Fred Santiago, Fiscal y Fiscal Auxiliar del Tribunal Supremo, respectivamente, abogados de El Pueblo, apelado.

PER CURIAM: Víctor Vargas Rosario fué acusado ante el Tribunal Superior, Sala de Ponce, por un delito de infracción a la sec. 77 de la Ley de Espíritus y Bebidas Alcohólicas (13 L.P.R.A. sec. 1754). Celebrado el juicio, fué hallado culpable y se le impuso una pena de seis meses de cárcel. En este recurso de apelación alega los siguientes errores: (1) "que el tribunal inferior cometió error al declarar sin lugar la solicitud de supresión de evidencia"; y (2) "que el tribunal inferior cometió error en la apreciación de la prueba".

El primer señalamiento de error no tiene méritos. Las nueve latas de ron clandestino que dos policías encontraron, al registrar el automóvil que manejaba el acusado, no constituían evidencia ilegalmente obtenida. En efecto, los dos policías declararon que el acusado paró su automóvil en la calle Carrión Maduro de Juana Díaz frente a una luz roja, que ". . . procedimos a solicitarle la licencia de conductor . . ." y que lo arrestaron cuando el acusado contestó que ". . . no tenía ninguna . . .". Fué después de ese arresto que los policías notaron que del vehículo salía un fuerte olor a ron. Entonces abrieron el baúl del automóvil y encontraron las latas llenas de ese licor que fueron presentadas en evidencia durante el juicio.

No se trata pues de un registro ilegal. Por el contrario, dando crédito a la prueba presentada por el ministerio público, el tribunal sentenciador determinó que el acusado fué arrestado legalmente por dos agentes de la policía mientras cometía un delito en su presencia y que, con posterioridad a dicho arresto, se llevó a cabo el registro del automóvil. El art. 116 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 243), permite a un oficial de orden público arrestar a una persona sin una orden a ese efecto cuando ésta comete un delito público en su presencia. Guiar un automóvil sin licencia de conductor constituye un delito público. En consecuencia, el arresto del acusado fué válido. Y la policía podía registrar incidentalmente al acusado y al automóvil que éste guiaba. La evidencia ocupada como resultado de tal registro legal puede usarse para probar un delito que no está relacionado con el delito por el cual se efectuó el arresto. *Pueblo* v. *Colón*, 68 D.P.R. 893 (1948); *Pueblo* v. *Ríos*, 71 D.P.R. 969 (1950); *Pueblo* v. *Soto*, 77 D.P.R. 206 (1954); *Pueblo* v. *Santiago*, 78 D.P.R. 659 (1955). Cf. *Pueblo* v. *Miranda*, 79 D.P.R. 132 (1956). A ese respecto, véanse además: *Carroll* v. *United States*, 267 U. S. 132 (1925); *Brinegar* v. *United States*, 338 U. S. 160 (1949); *United States* v. *Rabinowitz*, 339 U. S. 56 (1950); Fellman, *The Defendant's Rights* (1958) 138–141.

■ El segundo apuntamiento de error es frívolo. Cualquier conflicto en la prueba presentada por ambas partes fué resuelto por el juez sentenciador dándole crédito a la de cargo. Y no hay base en los autos para alterar dicha apreciación. *Pueblo* v. *Aquino*, 79 D.P.R. 18 (1956); *Pueblo* v. *Garcés*, 78 D.P.R. 102 (1950); *Pueblo* v. *Piñeiro*, 77 D.P.R. 531 (1954); *Pueblo* v. *Comas*, 75 D.P.R. 413 (1953); *Pueblo* v. *Millán*, 71 D.P.R. 440 (1950).

*Debe confirmarse la sentencia apelada.*