EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL A. ACEVEDO PÉREZ, acusado y apelante.

*Número:* CR–62–61  *Resuelto:* 5 de marzo de 1963

*Luis Raúl Cruz Jiménez,* abogado del apelante.  *J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

610

PER CURIAM: El apelante fue convicto de infracción al Art. 77 de la Ley de Espíritus y Bebidas Alcohólicas porque en 12 de diciembre de 1959 tenía en su poder y posesión dos envases conteniendo aproximadamente dos galones de ron caña . . . sin tener adheridos los correspondientes sellos de rentas internas. Se alegó que el acusado era reincidente y que con anterioridad había sido convicto de infracciones a dicha Ley en 1953 y 1957, habiendo cumplido 2 y 7 meses de cárcel respectivamente. En apelación imputa 3 errores: (1) Que la prueba material, los dos galones de ron, se admitieron indebidamente en evidencia porque había existido un arresto y registro ilegal del acusado, ya que él no cometía delito alguno; (2) Que fue convicto y sentenciado sin que el Fiscal ni la defensa hubieran sometido el caso; y (3) Que el policía que declaró que el contenido de los dos galones presentados en evidencia era ron caña se basó en el olor y en el sabor de dicho contenido sin ser un perito para hacer esa determinación, y sin haber análisis químico.

Invirtiendo el orden diremos que no se cometió el tercer error. El delito era estar en posesión de una bebida alcohólica sin que los envases tuvieran adheridos los correspondientes sellos de rentas internas. No se necesita el fino paladar de un catador de licores para apreciar el típico y punzante olor y sabor del ron caña que aquí se produce. Cfr: *Pueblo* v. *Román*, 33 D.P.R. 631; *Pueblo* v. *Montañez*, 54 D.P.R. 852, 862. Tampoco se cometió el segundo error. La sentencia en los autos hace constar que el caso quedó sometido. Del récord taquigráfico surge que al terminarse de discutir la moción del apelante para que no se admitiera el ron en evidencia a base de que se había perpetrado un registro ilegal, tanto la defensa como el Fiscal pidieron al Juez la absolución por ese fundamento. El Juez no estuvo de acuerdo y expresó al final de la discusión: "Después de admitida la prueba, *insistiendo* el compañero de que debe absolverse al acusado, a lo cual el fiscal se allanó, y la corte no estando a tono con la opinión del abogado ni del fiscal,

declara culpable al acusado y le impone trece meses de cárcel. Aparentemente la defensa descansó en la cuestión de derecho sobre la admisión del ron, y en momento alguno, a pesar de escuchar las manifestaciones del Juez, ofreció presentar prueba. La expresión de la Sala sentenciadora en la sentencia al efecto de que el caso le había sido sometido es compatible con el récord.

■ En cuanto al primer error imputado la situación fue la siguiente: Dos policías iban en un automóvil y vieron al acusado. Uno de ellos, Pedro Serrano Torres, declaró que el acusado estaba al lado de dos botellas de ron en un saco y que al él preguntarle le dijo que tenía un ron ahí, un ron caña, dos galones. Según el testigo el acusado estaba como a cinco pies del saco. "Le pregunté de ese ron y entonces primero destapé el ron y vi que era ron caña. '¿Y ese ron que está ahí?', y me dijo que lo tenía ahí, que estaba esperando a alguien, y lo tenía al lado. Lo puso al lado y caminó más adelante." A petición del fiscal el testigo probó el ron en corte y dijo que era caña y que los envases no tenían unidos sellos de rentas internas.

Continuó declarando a preguntas de la defensa y del Fiscal que vio al acusado que bajaba y al verlos a ellos se adelantó y puso el ron; que los galones estaban tapados dentro del saco; al verlos el hombre salió corriendo y se despegó y puso el saco; vio al hombre con el saco en las manos y después lo puso; puso el paquete y se movió hacia adelante; el acusado le dijo que ese era un saco que tenía allí y al contener ron sometió el caso al juez.

El otro policía declaró que vió al acusado a la orilla del río y cerca de él como a seis pies había un saco, un bulto sospechoso y le pidió a Serrano que viera lo que contenía aquel bulto y encontró dos galones de ron caña. Dijo que el acusado nada le había dicho. A preguntas del Juez manifestó que tuvo sospecha por la actitud de la persona que llevaba el saco; el bulto le estuvo sospechoso porque creía

que contenía algún contrabando y el hombre se notaba nervioso mirando para todos lados.

El ron fue ofrecido en evidencia y se opuso el acusado a lo que el Fiscal se allanó inmediatamente por entender que había habido un registro ilegal. La Sala sentenciadora fue de opinión contraria y, a nuestro juicio, hubo base en el récord para su conclusión. La prueba que aparentemente el Juez creyó no demuestra un *registro* de la persona del apelante, en el sentido constitucional. Es cierto que el saco lo cargaba el acusado, pero ambos agentes dijeron que lo soltó, y que estaba a unos 5 o 6 pies de su persona al ser examinado.

Según la declaración del segundo agente, el caso sería muy similar y posiblemente lo resolveríamos bajo la doctrina sentada en *Pueblo* v. *Nieves*, 67 D.P.R. 305. Pero el primer agente dijo algo más. Declaró que el acusado le dijo que en el saco había ron, e ingenuo como parezca, la Sala sentenciadora le dio crédito, y si fue creído, justificaba un arresto y un registro. Cfr: *Pueblo* v. *Vargas*, 80 D.P.R. 296; *Pueblo* v. *Vázquez Pérez*, *Sentencia* de 21 de mayo de 1962. *Se confirmará la sentencia apelada.*