BONOCIO ROMÁN CANCEL, peticionario y apelante, *v.* GERARDO DELGADO, ETC., demandado y apelado.

*Número:* AP-64-11      *Resuelto:* 20 de enero de 1965

*Roberto Bird Hoffman,* abogado designado por el Tribunal Supremo para ofrecer asistencia legal al acusado en apelación; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En *Román* v. *Delgado,* 82 D.P.R. 598 (1961) reconocimos el derecho del peticionario a salir en libertad por no habér-

sele celebrado la vista que la ley garantiza, al revocarle la Junta de Libertad Bajo Palabra la libertad de que gozaba.

En 22 de mayo de 1962 se radicó ante la Junta de Libertad Bajo Palabra una querella contra el aquí apelante en la que se le imputaba:

"1. Que . . . fue convicto de haber violado lo dispuesto en el Capítulo 111, Artículo 3-301 Inciso 1 de la Ley Núm. 141 de Vehículos y Tránsito de Puerto Rico, el día 21 de febrero de 1962 ante el Tribunal de Distrito de Puerto Rico, Sala de Bayamón, en el caso Crim. Núm. 62-2634 de el Pueblo de Puerto Rico v. Bonocio Román Cancel.

"2. Que . . . como a las 11:45 P.M. del día 6 de mayo de 1962 en la intersección carretera Núm. 167 y la carretera que conduce al barrio Palmas de Cataño, manejaba un vehículo de motor de su propiedad, sin ser chofer autorizado.

"3. Que . . . como a las 11:45 P.M. del día 6 de mayo de 1962 en la intersección de la carretera Núm. 167 que conduce de Cataño a Bayamón y la carretera que conduce al barrio Palmas de Cataño, manejaba negligentemente el auto número 771-271, vehículo de motor de su propiedad."

La Junta concluyó que el peticionario fue convicto del delito a que se hace referencia en el primer cargo. Además llegó a la conclusión de que el 6 de mayo de 1962 conducía un vehículo de motor sin estar autorizado y que por su negligencia al conducir un vehículo de motor chocó con uno propiedad de Antonio Rivera Maldonado. A la fecha en que la Junta hizo estas determinaciones todavía no se había celebrado el juicio ante el Tribunal de Distrito en relación con las infracciones imputadas en los últimos dos cargos.

Luego de la Junta haber determinado lo anterior, concluyó que el aquí apelante había violado la condición número 9 de aquellas bajo las cuales fue puesto en libertad bajo palabra.

Radicó entonces el confinado un recurso de hábeas corpus. Alegó que había salido absuelto en el Tribunal de Distrito de los dos delitos que se alegó cometió el 6 de mayo de 1962.

Alega además que erró la Junta en atribuirle que había violado la condición 9 de las impuestas al concederle la libertad (¹)

El juez de instancia declaró no haber lugar al hábeas corpus. En su decisión concluye que aun admitiendo que fue absuelto de los dos últimos cargos, como había sido convicto de un delito, tal como se le imputó en el primer cargo, eso era suficiente. En cuanto a la segunda cuestión levantada expresó que "si bien es cierto que la conclusión de derecho que se menciona en dicha resolución no encarna la ley que debe gobernar las conclusiones de hecho formuladas por la Junta . . . también es cierto que dichas conclusiones de hecho demuestran que aunque no la 9, otras de las condiciones de la libertad bajo palabra fueron violadas por el aquí peticionario."

Es correcta la resolución del juez de instancia. El hecho de que la Junta concluyera que había violado la condición número 9 no tiene importancia si se le imputó haber violado y en verdad violó otra de las condiciones impuestas.

Evidentemente se le imputó y se le probó haber violado la número 12 que dispone que "[l]a convicción, por cualquier delito o la violación de cualquiera de las condiciones de la libertad bajo palabra de una persona en libertad bajo palabra, podrá ser motivo suficiente para la revocación del privilegio de su libertad condicional."

No distingue esta condición entre delitos menores y delitos graves. El peticionario fue convicto de violar el inciso 1 de la Sec. 3-301 de la Ley de Automóviles, 9 L.P.R.A. sec. 721, que dispone que:

---

(¹) La condición número 9 lee así:

"9. Toda persona en libertad bajo palabra deberá abstenerse de tener en su posesión y de usar bebidas intoxicantes, así como deberá abstenerse de frecuentar 'bares' (o sitios donde expendan bebidas intoxicantes), casas de mala reputación, lugares en que se celebren juegos de azar prohibidos por la ley y cualesquiera otros sitios de, más o menos, análoga naturaleza."

"Será ilegal:

(1) Conducir un vehículo de motor por las vías públicas, sin estar debidamente autorizado para ello por el Secretario o con una licencia de conducir distinta a la requerida para manejar tal tipo de vehículo."

Y en *Pueblo* v. *Vargas*, 80 D.P.R. 296 (1958) expresamos que "guiar un automóvil sin licencia de conductor constituye un delito público."

Durante la vista del hábeas corpus, cuando el juez examinaba el expediente, hizo referencia a que aparecía una acusación de armas prohibidas. El peticionario expresó que esa información no se relacionaba con el asunto pendiente y el juez hizo un comentario al efecto de que "Lo que quiero decir es que le están saliendo cosas a flote aquí". El acusado entonces afirmó que había salido absuelto y el incidente no tuvo más consecuencias. No puede concluirse por este incidente que el juez actuó movido por pasión, prejuicio y parcialidad. Y ciertamente no surge del récord que tuviera esto en cuenta al resolver el recurso.

*Se confirmará la sentencia apelada.*