Ramon H. ALMODOVAR, Plaintiff,

v.

MUNICIPALITY OF SAN JUAN, et al., Defendants.

Civ. No. 87–1179 GG.

United States District Court, D. Puerto Rico.

Oct. 25, 1988.

Ramon L. Walker Merino, San Juan, P.R., for plaintiff.

Jose R. Garcia Perez, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action arising out of 42 U.S.C. 1983 for violation of plaintiff's rights under the Constitution and laws of the United States. The case is before us upon defendant's motion for summary judgment, which plaintiff has opposed. For the reasons stated below, defendant's motion for summary judgment is hereby granted and the present action is hereby dismissed.

### Standard for Summary Judgment

In determining whether summary judgment is appropriate, the court must view the record in the light most favorable to the party opposing the motion, and indulge all inferences in favor of that party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Raskiewicz v. Town of New Boston*, 754 F.2d 38, *cert. denied*, 474 U.S. 845, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." When defendants move for summary judgment and support their motion adequately under Rule 56(c), the nonmovant plaintiff has the burden of showing that summary judgment is improper, coming forward with specific facts showing a genuine dispute. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The following findings of fact are based on plaintiff's verified complaint, plaintiff's deposition and defendant Raúl Figueroa's answer to second set of interrogatories. The record has been viewed in the light most favorable to plaintiff and all reasonable inferences have been drawn in his favor. In fact, for purposes of the present motion, we have adopted plaintiff's version of the facts.

### Findings of Fact

1. On January 23, 28 and 30, 1987, defendant municipal police agent Raúl Figueroa (Figueroa) handed out 31 parking tickets to cars illegally parked which were within fifty meters of plaintiff's car.

2. Plaintiff was properly issued three parking tickets on January 23 and 30 and on February 4, 1987, respectively.

3. On February 4, while plaintiff was having breakfast at his house he saw Figueroa ticketing his car for illegal parking.

4. Plaintiff went over to his car dressed in shorts, T-shirt and slippers and asked Figueroa why he was giving him a ticket.

5. Plaintiff had filed a complaint against Figueroa for handing out tickets in a discriminatory fashion.

6. Plaintiff then drove his car and parked it in a legal spot since he was illegally parked in the original spot.

7. Plaintiff went back to his house and ten minutes later saw a police tow truck, a police patrol car and a couple of police motorcycles beside his car.

8. The tow truck was not placed in front of plaintiff's vehicle for it to be towed. The policeman never started to tow away plaintiff's car.

9. Plaintiff went down to see what was happening. At that time plaintiff did not have his driver's license with him. Later, when plaintiff ultimately produced his driver's license, it was found to have expired. He was arrested.

10. He was told he was arrested for breach of the peace.

11. Plaintiff was not allowed to change his clothes.

12. Plaintiff was restrained by the arm and placed in a patrol car.

13. One policeman pointed at plaintiff with a night stick.

14. A number of people witnessed the incident.

15. Plaintiff states that at the time he was arrested it was apparent that he did not have his driver's license with him.

16. After plaintiff was taken to the Judicial Center, he was also charged with driving without a license and for negligent driving. He had also been previously charged for breach of the peace.

17. Probable cause was found for the charges of driving without a license and for driving negligently. No probable cause was found for the charge of breach of the peace.

18. Even though plaintiff had an expired license he possessed documents which indicated that he had renewed his license but that he had not received the new one.

19. At the request of plaintiff's lawyer, the charges against him for negligent driving and driving without a license were dropped on the day of the trial.

### Conclusions of Law

Defendant Figueroa alleges that he is not liable for damages under the doctrine of qualified immunity set forth in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and *De Abadia v. Izquierdo Mora*, 792 F.2d 1187 (1st Cir. 1986). The *Harlow* standard has been applied by the First Circuit to police arrests with warrants in *Briggs v. Malley*, 748 F.2d 715 (1st Cir.1984). In the context of warrantless arrests, the controlling standard has been enunciated as follows:

Despite a finding of no probable cause at a later hearing, a police officer should not be found liable under Section 1983 for a warrantless arrest because the presence of probable cause was merely questionable at the time of the arrest. His qualified immunity is pierced only if there clearly was no probable cause at the time the arrest was made.

*Floyd v. Farrell*, 765 F.2d 1, 5 (1st Cir. 1985); *see also Hall v. Ochs*, 817 F.2d 920, 924 (1st Cir.1987).

In the instant case plaintiff was charged with driving without a license, driving negligently and breach of the peace. Plaintiff admitted that he drove his car for about ten feet without carrying a driver's license. It is clear plaintiff did not have his driver's license because he stated that his girlfriend later brought his expired license to him at the Judicial Center.

Law No. 141 of July 20, 1960, § 3–301 (9 L.P.R.A. § 721) provides in part:

It shall be unlawful:

(1) To drive a motor vehicle in a public highway without being duly authorized therefor by the Secretary ...

(8) For any person not to carry with him his driving license certificate while operating a motor vehicle.

In *Pueblo v. Vargas*, 80 D.P.R. 296 (1958) the Supreme Court of Puerto Rico was confronted with the issue of whether a person could be arrested for operating a vehicle without a driver's license. The Court held:

According to Section 116 of the Code of Criminal Procedure, a peace officer may arrest a person, without a warrant therefor, for a public offense committed in his presence.[1] To operate an automobile without a driver's license is a public offense. Consequently, the defendant's arrest was valid.

The judge who conducted the hearing after plaintiff's arrest found probable cause for the offense of operating a vehicle without a valid driver's license, as well as for breach of the peace. Plaintiff was not carrying a valid driver's license while driving his car. We can thus hardly say that "there was clearly no probable cause at the time the arrest was made." *Floyd*, 765 F.2d at 5. Since we find that plaintiff's arrest for driving without a license is valid, we need not reach the other issues presented as to which there is conflicting evidence.

In view of the above, we find that plaintiff's rights under the Constitution and laws of the United States have not been violated.

Wherefore, defendant's motion for summary judgment is hereby GRANTED. The cause of action against defendant Raúl Figueroa is hereby dismissed. Plaintiff is granted twenty (20) days to show cause why this action should not also be dismissed as to the Municipality of San Juan, the only remaining defendant.

SO ORDERED.

---

1. *See* Rule 11 of the Puerto Rico Rules of Criminal Procedure which now only requires that the police officer have reasonable grounds to believe that the person to be arrested has committed an offense in his presence.